## DOWSE v. SALT LAKE CITY CORP., et al.

No. 7815.   Decided April 2, 1953.   (255 P. 2d 723.)

108

See 62 C. J. S., Municipal Corporations, sec. 228 (3). Changes after adoption of zoning regulations, discretion as to, 58 Am. Jur., Zoning, 196; 147 A. L. R. 167.

*La Mar Duncan,* Salt Lake City, for appellant.

*E. R. Christensen,* City Atty., *Homer Holmgren* and *A. P. Kesler,* Asst. City Atty., Salt Lake City, for respondent.

McDONOUGH, Justice.

Appeal from lower court's dismissal of plaintiff's complaint, no cause of action.

Plaintiff owns land located in a potential commercial or industrial area, but established as a residential district under the zoning laws of Salt Lake City. A request to rezone plaintiff's land was refused by the city authorities, and

this action was brought to declare the zoning ordinance unconstitutional as it applied to the lots involved. Plaintiff's complaint alleged that his land is unsuitable for residential property; that it is located in a potention industrial or commercial zone; that the zoning ordinance, as applied to his property, serves no beneficial use, and in no manner promotes the health, safety, morals or general welfare of the community; that the value of his property would be greatly enhanced if it could be used for industrial purposes; and that under these circumstances the zoning ordinance is so oppressive as to be confiscatory and unlawful.

Defendant moved to dismiss on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted, and this motion was sustained by the trial court. The sole issue is whether plaintiff, in compliance with Rule 8, U. R. C. P. 1950,[1] stated a claim which entitled him to relief.

In addition to the allegations recited above, plaintiff's complaint reveals that his property consists of one-half of the lot on the corner of a block. The zoning ordinance of Salt Lake City is pleaded by giving its title and the date of its passage. This invokes judicial notice of the provisions of said ordinance. Rule 9(i), U. R. C. P. 1950. The prayer of the complaint asks the court by its decree to enjoin the City Commission and the members thereof from interfering with his use of the property for commercial purposes and further asks that the City Commission be required to re-zone the district insofar as it affects his lot.

Examination of the pleaded ordinance reveals that much of the property in other blocks in the neighborhood of the one on which plaintiff's half lot is located are zoned for commercial purposes. However, the entire block of which

---

[1]Rule 8, U. R. C. P. 1950, states: "A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief."

this half lot is a part, as well as the block to the south and the one to the southeast thereof, are zoned exclusively for residential purposes.

The factual allegations in the complaint with regard to the plaintiff's property must be read in light of these further recited facts. Plaintiff's complaint stated that his property was located in a potential, industrial commercial area; that it was unsuitable for residential property; that its value would become greatly enhanced if it were re-zoned to industrial uses. Such allegations do not show a confiscatory, discriminatory or arbitrary action by the City authorities which would justify a judicial alteration or extension of the boundaries of the zone. As stated in *Wilkins* v. *City of San Bernardino*, 29 Cal. 2d 332, 175 P. 2d 542, 549:

> "Zoning necessarily involves boundary problems and, when 'spot' zoning is permitted in a residential district, the legislative body must determine where the boundary is to be placed, attempting, as far as possible, to minimize the resulting inconveniences. This is essentially a legislative problem, and the determination may be attacked only if there is no reasonable basis therefor. Often there may be little difference in the character of the property on either side of the line, but such a showing will not justify a judicial alteration or extension of the boundaries."

We quoted the foregoing with approval in *Phi Kappi Iota Fraternity* v. *Salt Lake City*, 116 Utah 536, 212 P. 2d 177, 181.

In this jurisdiction the discretionary power to district and zone cities for various purposes incident to the public interest is granted to the governing body of the city by statute. Sec. 10-9-1, 2, 3, U. C. A. 1953. Palpably the exercise of the zoning power is a legislative function and activity. *Walton* v. *Tracy Loan & Trust Co.*, 97 Utah 249, 92 P. 2d 724, 726. The wisdom of the plan, the necessity, the number, nature and boundaries of the district are matters which lie in the discretion of the City authorities, and only if their action is confiscatory,

discriminatory or arbitrary may the court set aside their action. *Marshall* v. *Salt Lake City,* 105 Utah 111, 141 P. 2d 704, 149 A. L. R. 282. The fact that plaintiff's one-half lot might be more profitably used for commercial than for residential purposes, or indeed, the fact that it has become unsuited for residential·purposes does not show discrimination or reveal arbitrary action. The character of the district as a whole must be kept in mind in determining whether the health, safety, morals or general welfare of the district and hence of the community would be promoted by permitting encroachment into the residential area of commercial or industrial establishments. Cf. *Leahy* v. *Inspector of Buildings,* 308 Mass. 128, 31 N. E. 2d 436; *Dundee Realty Co.* v. *City of Omaha,* 144 Neb. 448, 13 N. W. 2d 634. The factual allegations of plaintiff's complaint do not support the conclusions drawn by the plaintiff therefrom and stated in such pleading. The judgment of the lower court, therefore, was correct. It is affirmed. Costs to respondents.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.