358 P.2d 633

GAYLAND, a Utah corporation, Plaintiff and Respondent,

v.

SALT LAKE COUNTY, State of Utah; LaMont B. Gundersen, Edwin Q. Cannon, Sr., and William G. Larson, Individually and as members of the Board of County Commissioners of Salt Lake County, Defendants and Appellants.

Murray City et al., Intervenors.

No. 9280.

Supreme Court of Utah.

Jan. 20, 1961.

Grover A. Giles, County Atty., Louis M. Haynie and Gerald E. Nielson, Asst. County Attys., Salt Lake City, for appellants.

Moffat, Iverson & Elggren, Robert Rees Dansie, James P. Cowley, Warwick C. Lamoreaux, Paul F. Potter, Salt Lake City, for intervenors.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for respondent.

CROCKETT, Justice.

Salt Lake County appeals from an order of the district court directing the County Commission to adopt an amendment to the county zoning ordinances which would change the classification from residential (R–2) to commercial (C–2) on a tract of land owned by plaintiff.

The plaintiff, Gayland corporation, made application to the Salt Lake County Planning Commission [1] for the reclassification of 18 acres of land upon which it desired to construct a shopping center in the locality of 1300 East and 5600 South. That Commission, with the consent of the plaintiff, reduced the amount of land to be reclassified from 18 to 10 acres and recommended to the County Commission that the application, as amended, be approved.

The County Commission, after due notice, conducted a public hearing. Numerous persons appeared both in favor of and in opposition to the proposed reclassification, after which the Commission took it under advisement and ultimately denied the application. Plaintiff then brought an action against the County Commission which resulted in the appealed-from order directing the county commissioners to adopt the ordinance to reclassify the property.

In connection with this appeal a number of persons who opposed the reclassification at the Commission hearing, but who were not parties to, and made no appearance in, the district court proceedings, seek to intervene and have the case remanded for a new trial claiming that they had no notice of the trial and that their rights were not adequately protected. In view of our disposition of the case, we do not deem it necessary to consider this petition for intervention.

The plaintiff contends initially that the Salt Lake County Commission cannot pass a valid zoning ordinance because it has not yet adopted a master plan; [2] and second, that even if it could, its action denying the reclassification sought by plaintiff is invalid because it is a capricious and arbitrary infringement on their property rights.

▪ The power to zone unincorporated territory in counties is vested in the boards of county commissioners by Sec. 17–27–1, U.C.A.1953. Succeeding sections provide for the appointment of a planning commission, the adoption of a master plan and additional details on specific matters which may be regulated. But it is to be noted that nowhere in the act is there any express requirement that a master plan be adopted before zoning ordinances can be passed. Undoubtedly it is desirable that this be done as early as possible so that zoning can be carried out in accordance with some syste-

---

1. Secs. 17–27–2 to 17–27–14, U.C.A.1953, for provisions on planning commission, its appointment, duties and powers.

2. Secs. 17–27–5, 6, U.C.A.1953, set forth the purposes of the master plan and the procedure for adopting it.

matic design. But there are good reasons' why interim zoning should not have to wait until that is accomplished.

As the name indicates, a master plan would have to be comprehensive, and the preparation of its details may be unavoid-, ably slow; and the rate of growth or its pattern may change from time to time. If no zoning regulation were possible until the master plan was completed and adopted, in counties where fast growth was occurring, it might do so in an incongruous and uncontrolled manner which the planning commission would find it difficult or perhaps impossible to keep abreast of, or to devise a master plan that would be of much benefit; and thus the whole purpose of effective zoning might be frustrated. These practical considerations sustain our conclusion that the legislature acted advisedly in not expressly providing that no zoning could be done prior to the adoption of a master plan and that such was not its intention. In the absence of such a limiting provision, we can see no reason why the general delegation of power to zone should be so restricted.

In support of its contention that the refusal to approve its application was an arbitrary deprivation of its property rights, plaintiff argues that the Commission im-

properly heard, considered and based its determination on protests and representations voiced by people representing jealous: business interests in the general area. We do not see any impropriety in the Commission receiving and taking into account any information they had to offer bearing: on the problem under consideration.

It is important to keep in mind: that such a hearing is not of the same character as a trial, nor even of an administrative hearing or other legal proceeding, and is not limited by formal rules of procedure or evidence as they are. In pursuing its authority to zone the county the Commission is performing a legislative function.[3] It has the responsibility of advising itself of all pertinent facts as a basis for determining what is in the public interest in that regard. For this reason it is entirely appropriate to hold public hearings. and to allow any interested parties it desires. to give information and to present their. ideas on the matter. But this is by ‘no· means the only source from which the commissioners may obtain such information.. From the fact that they hold such public offices it is to be assumed that they have· wide knowledge of the various conditions. and activities in the county bearing on the question of proper zoning, such as the location of businesses, schools, roads and

---

**3.** Walton v. Tracy Loan & Trust Co., 97 Utah 249, 92 P.2d 724; rule cited and approved in Dowse v. Salt Lake City. Corp., 123 Utah 107, 110, 255 P.2d 723.

traffic conditions, growth in population and housing, the capacity of utilities, the existing classification of surrounding property, and the effect that the proposed reclassification may have on these things and upon the general orderly development of the county. In performing their duty it is both their privilege and obligation to take into consideration their own knowledge of such matters and also to gather available pertinent information from all possible sources and give consideration to it in making their determination.

■ In zoning, as in any legislative action, the functioning authority has wide discretion. Its action is endowed with a presumption of validity; and it is the court's duty to resolve all doubts in favor thereof and not to interfere with the Commission's action unless it clearly appears to be beyond its power;[4] or is unconstitutional for some such reason as it deprives one of property without due process of law, or capriciously and arbitrarily infringes upon his rights therein, or is unjustly discriminatory.[5] The burden was upon the plaintiff to show that the Commission's action was suffused with one or more of those faults, which burden has not been sustained. Even though it be true that information was presented at the hearing which would have justified the Commission in amending the zoning ordinance as advocated, it is also true that the situation presented can be so viewed as to point to the conclusion that the action taken was reasonable and proper. Under such circumstances it was not the prerogative of the court to substitute its judgment for that of the Commission.[6]

For the reasons hereinabove stated the decree of the trial court directing the County Commission to adopt the zoning ordinance proposed by the plaintiff is set aside. No costs awarded.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

4. State Water Pollution Control Board v. Salt Lake City, 6 Utah 2d 247, 311 P.2d 370; Newcomb v. Ogden City Public School Teachers' Retirement Commission, 121 Utah 503, 243 P.2d 941.

5. Phi Kappa Iota Fraternity v. Salt Lake City, 116 Utah 536, 212 P.2d 177.
6. That wisdom of legislative action is not for courts to consider see Parkinson v. Watson, 4 Utah 2d 191, 291 P.2d 400.