398 P.2d 27

William E. NAYLOR, William Cossey, James L. Neville, and Blae E. Hansen, Plaintiffs and Appellants,

v.

SALT LAKE CITY CORPORATION, a municipal corporation, J. Bracken Lee, et al., and Alder-Wallace, Inc., a Utah corporation, Defendants and Respondents.

No. 10114.

Supreme Court of Utah.

Jan. 5, 1965.

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Jr., Salt Lake City, for appellants.

Homer Holmgren, City Atty., Jack L. Crellin, Oscar W. McConkie, Jr., Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiffs commenced this action seeking a declaratory judgment invalidating an

ordinance adopted by the Salt Lake City Commission changing the zoning classification of certain property. From a summary judgment dismissing their complaint with prejudice, two of the plaintiffs appeal.

Pursuant to a petition by defendant, Alder-Wallace, Inc., the City Commission adopted an ordinance changing the zoning classification of a large portion of a city block located between 2nd and 3rd South Streets and 6th and 7th East Streets. The change was from "Residential R–6" to "Business B–3." Apparently, the ordinance was adopted after public hearings were held thereon.

Plaintiffs, in their complaint, assail the action of the City Commission as being arbitrary and an abuse of its discretion. Specifically, they claim in substance that the ordinance (1) is contrary to the comprehensive zoning plan adopted in 1927;[1] (2) does not tend to promote the health, safety or general welfare of the City; (3) arbitrarily intermingles business with residential property; and (4) was not adopted pursuant to proper notice. In their pleadings the defendants denied these allegations.

It was further alleged in plaintiffs' complaint that the City Planning Commission had recommended denial of the request for a change in the classification. This partic-ular allegation was admitted by the City, but denied by Alder-Wallace in their pleadings.

Plaintiffs' complaint was dismissed, upon motion of the defendants, at the conclusion of the pretrial proceedings. At that time the court below had before it statements of counsel, the "Use District Map," adopted in 1927, and the questioned ordinance. It also was presented with two affidavits, neither of which have any materiality in the disposition of this appeal.

The statutory authority of the City's governing body to enact zoning ordinances and amending the same is not questioned. Such ordinances and amendments must be enacted pursuant to a "comprehensive plan," under the City's police power, to lessen congestion in the streets, promote the general welfare, facilitate transportation, and other public requirements. Such enactments must also be reasonably related to the location and use of buildings in existence and the character of the district involved.[2]

We recognize, and reiterate, the proposition that courts of law cannot substitute their judgment in the area of zoning regulations for that of a city's governing body.[3] Also, we are more than cognizant of the proposition that the governing body of a city is endowed with considerable lati-

1. Pursuant to Title 10, Chapter 9, U.C.A. 1953.

2. Marshall v. Salt Lake City, 105 Utah 111, 141 P.2d 704, 149 A.L.R. 282 (1943).

3. Phi Kappa Iota Fraternity v. Salt Lake City, 116 Utah 536, 212 P.2d 177.

tude in determining the proper uses of property within its confines.[4]

 Regardless of the foregoing principles, an affected citizen must have redress to the courts if he believes a zoning ordinance to be an abuse of discretion. In the instant case, plaintiffs, by their complaint and their offer of proof at the pretrial conference, have presented genuine issues of fact which should be resolved by trial.

Reversed. Remanded for trial. Costs to plaintiffs.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

4. Marshall v. Salt Lake City, supra, note 2.