410 P.2d 764 .

William E. NAYLOR et al., Plaintiffs
and Appellants,

v.

SALT LAKE CITY CORPORATION, a municipal corporation, et al., and Ray Rolfson
and Alder-Wallace, Inc., a Utah corporation, Defendants and Respondents.

No. 10373.

Supreme Court of Utah.

Feb. 9, 1966.

Jimi Mitsunaga, Public Defender, Third District, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

CROCKETT, Justice:

Plaintiffs commenced this action seeking a declaratory judgment invalidating a zoning ordinance enacted by the Salt Lake City Commission. It changed the classification of approximately one-half of the city block between 2d and 3d South and between 6th and 7th East Streets in Salt Lake City from "Residential R–6" (multiple family dwellings) to a "Business B–3" (certain limited business purposes) use district. The district court granted defendants' motion for summary judgment. Plaintiffs appealed, maintaining that if allowed to present evidence they could show that the action of the City Commission was capricious and arbitrary. Upon that representation we vacated the summary judgment and remanded the case for a trial on that issue.[1] After a trial lasting three days, the court concluded that the City Commission had not acted capriciously or arbitrarily and dismissed the complaint. Plaintiffs now appeal from that ruling.

Under the provisions of Chapter 9, Title 10, U.C.A.1953, the City Commission is given authority to create and adopt plans to govern the zoning of various types of use of property within the city. The foundational reason for zoning is to regulate the growth and development of the city in an orderly manner. Among the objectives to be served is to avoid mixing

———————◆———————

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Jr., Salt Lake City, for appellants.

Homer Holmgren, Salt Lake City Atty., Jack Crellin, Asst. Salt Lake City Atty., Oscar W. McConkie, Jr., Salt Lake City, for respondents.

1. Naylor v. Salt Lake City Corp., 16 Utah 2d 192, 398 P.2d 27.

together of industrial, commercial, business and residential uses; the prevention of undue concentrations of people in certain areas under undesirable conditions; making provision for safe and efficient transportation; for recreational needs; and for the enhancement of aesthetic values, all in order to best serve the purpose of promoting the health, safety, morals and general welfare of the city and its inhabitants.

■ The Commission, being charged with the duty of carrying out these numerous and varied objectives must necessarily be allowed a wide latitude of discretion as to the manner in which they can best be attained. In conformity with well established rules relating to the powers of administrative bodies, it is to be assumed that they have some specialized knowledge of the conditions and the needs upon which the discharge of their duties depends. Because the law imposes this duty primarily upon the Commission, and because of its presumed expertise in fulfilling that responsibility, the court will not invade the province of the Commission and substitute its judgment therefor; nor will it interfere with the prerogatives of the Commission unless it is shown to be so clearly in error that there is no reasonable basis whatsoever to justify it and its action must

therefore be regarded as capricious and arbitrary.[2]

The plaintiffs argue that the action of the Commission here was not in conformity with the purposes above stated nor within the ambit of its authority. They contend that the rezoning of this one-half block area for business is in effect a "spot" zoning inconsistent with the zoning of the surrounding area and not in conformity with the comprehensive plan of the general zoning ordinance which was adopted and has been in effect since 1927.

It must be realized that zoning is not a static thing which once established becomes set in concrete forever. To require adherence to a plan formulated 40 years ago without any more reason than that the ordinance had been so long established would be quite impractical and in some instances would frustrate attempts to put into effect necessary changes to accomplish the objectives zoning was designed to serve. It is obvious that there must be some pliability so that in performing its function the Commission may keep abreast of changing conditions as life courses onward and meet the varying needs of the growing city.

From this record, viewed in the light most favorable thereto, there are a number of considerations which can be regarded as

2. See Gayland v. Salt Lake County, 11 Utah 2d 307, 358 P.2d 633; Marshall v. Salt Lake City, 105 Utah 111, 141 P.2d 704, 149 A.L.R. 282; Phi Kappa Iota Fraternity v. Salt Lake City, 116 Utah 536, 212 P.2d 177.

tending to support the rezoning ordinance and the trial court's judgment sustaining it as valid. Among these are: that there has been a gradual expansion of business and commercial usage of property outward from the center of the city in the direction of this area; that there is some congestion and deterioration of residences, the removal of which may tend to alleviate health hazards and an increasing crime rate, particularly among juveniles in that locality; that the Commission has in other similar situations used the classification of "Business B–3" as buffer zones between residential and commercial and business areas.

██ Upon a consideration of the character of the property in question, and all of the surrounding circumstances, in relation to the desired objectives as hereinabove stated, it appears that the Commission could reasonably conclude that the prior zoning no longer best suits the needs of the city or the property in question. Accordingly, it is our opinion that the trial court was justified in rejecting the plaintiffs' contention that the action of the defendant Commission was capricious and arbitrary.

██ The plaintiffs have also attacked the ordinance on the ground that it was enacted without proper notice. We find this claim to be without merit. Section 10–9–5, U.C.A.1953, which requires that all proposed zoning plans first be submitted to the Planning Commission, and that 15 days notice shall be given of a public hearing thereon before a new zoning ordinance may be enacted, was complied with. But the plaintiffs assert that since the petition of the defendant, Alder-Wallace, Inc., who initiated this zoning proceeding and the notice of public hearing stated a zoning change from "Residential R–6" to "Commercial C–3," the Commission had no authority to enact an ordinance which reclassified the property to "Business B–3." The fact is that the requested change to "Commercial C–3" includes everything covered in the "Business B–3" classification and in fact goes far beyond it, so plaintiffs have no legitimate complaint about notice. Moreover, they suffered no disadvantage because they had actual notice and participated in the hearings.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.