**MORGAN COUNTY, Plaintiff and Respondent,**

v.

**Lee M. STEPHENS, Defendant and Appellant.**

**No. 13355.**

Supreme Court of Utah.

April 8, 1974.

LaVar E. Stark, Ogden, for defendant and appellant.

Robert A. Echard, Morgan Co. Atty., Ogden, for plaintiff and respondent.

TUCKETT, Justice:

Morgan County commenced these proceedings in the district court seeking injunctive relief to restrain the defendant from selling tracts of land which the County claims is in violation of a zoning ordinance. The district court handed down a decision in favor of the County, and the defendant appeals to this court.

In 1969, the defendant purchased 940 acres of land in Fry Hollow for the grazing of his beef cattle. The defendant also acquired 2,000 acres in Deep Creek in 1970. During the year 1971, the defendant began selling lots from these tracts, and at the beginning the lots being sold comprised five acres, but later during the selling program the lots being sold contained ten acres each. Under the County's zoning ordinance, which was adopted in 1963, the tracts of land owned by the defendant were zoned Forestry F–1. That zone permitted the following uses:

1. Production of forest products; forest industries. (2) Public park and recreation ground. (3) Grazing and pasturing of animals; agriculture. (4) Hydroelectric dams; public utility substations and transmission lines; water pumping plants and reservoirs. (5) Accessory buildings and uses customarily incidental to the above. (6) Trailers; temporary farm, construction or recreation in accordance with County Temporary Trailer or Trailer Court Ordinance.

The ordinance further provides: "The minimum lot area shall be not less than 100 acres . . . ."

At the time these proceedings were commenced the defendant had sold 145 lots in Deep Creek, and he had three remaining in that area. Of approximately 70 lots in Fry Hollow, all but 14 had been sold, plus one 200-acre parcel. Morgan County here seeks to restrain the defendant from selling the remaining ten-acre lots. The contracts of sale employed by the defendant recited that "the lot is sold for a bona fide agriculture purpose." It is the contention of the County that the defendant violated both the County's zoning ordinance and the County's subdivision ordinance by selling property in the F–1 zone in less than 100

acre lots. In 1972 the County amended its zoning ordinance which defined agricultural lands to require:

(1) 20 acres or more

(2) Not for investment, building development, recreational use, cabin or housing use.

(3) A determination of the County Commission as to whether or not the parcels shall be capable of producing an income from the sale of agricultural products sufficient to justify its existence as a separate agricultural lot entity.

It is the defendant's contention that his partition of the tracts of land in question and the sale of the lots after partition was for a bona fide agricultural purpose and exempt from the provisions of the County's zoning and subdivision ordinances. It is claimed, and we agree, that the provisions of Section 17–27–27, U.C.A.1953, are controlling. The pertinent portions of that section are as follows:

"Subdivision" means the division of a tract, or lot or parcel of land into three or more lots, plats, sites or other divisions of land for the purpose, whether immediate or future of sale or of building development; provided, that this definition shall not include a bona fide division or partition of agricultural land for agricultural purposes . . . .

After a trial was had and upon conflicting testimony, the court found that the defendant's intention in selling the property in ten acre lots or less and the purchaser's intent in purchasing the lot was to use the property for other than a bona fide agricultural purpose.[1] After a careful review of the record and the transcript of the evidence, we are of the opinion that the trial court's findings are supported by substantial evidence, and we find no grounds

which would justify a reversal.[2] The judgment of the court below is affirmed. The parties are to bear their own costs.

CROCKETT, J., concurs.

ELLETT, Justice (concurring specially):

I concur in affirming the judgment for the reason that the only issue tried below and raised on this appeal is whether or not the contemplated sale of land was for bona fide agricultural purposes. The evidence was such as to justify the ruling of the court in that regard.

The question of whether the State or County can prevent an owner of land from selling all or a part of it under the guise of zoning regulation has not been raised.

HENRIOD, Justice (dissenting):

Respectfully, I dissent. Defendant, in writing, sold some property. The document contained a legitimate restrictive covenant against any use save that of agriculture,—which anyone could understand, and whose only complaint about such language could be nothing less than an unreasonable, unexplainable negation thereof.

The buyers of the property to date have registered no such irrational complaint. But the plaintiff County has edged into a self-invited controversy, and the trial court into a monitor role of determining the intention of the parties,—deciding that, without any proof except the clear language itself, they meant something dehors that language, different than that of its plain and unmistakable phraseology.

Those particeps to the land purchase and sale transaction said exactly what they said and wrote which was nothing offensive to a principle that one might bargain for sale of his home or his private bird sanctuary for a canary bird if he so desires, and manifests such intention by a simple, unambiguous use of the King's English.

1. Farwell v. Des Moines Brick & M. Co., 97 Iowa 286, 66 N.W. 176; Windsor v. Polk County, 109 Iowa 156, 80 N.W. 323; Gayland

v. Salt Lake County, 11 Utah 2d 307, 358 P. 2d 633.

2. Coombs v. Ouzounian, 24 Utah 2d 39, 465 P.2d 356.

**1342** ■ 

In my opinion, Morgan County has the wrong defendant here,—and if it has an urge to do so, could test its ability to enjoin the buyer against any use other than agricultural, if offensive to public policy or legislation. Lacking clear and convincing evidence of fraud or the like, certainly the seller could accomplish such enjoinder on simple contract grounds in a proper proceeding.

I think a reversal is not inappropriate here,—but without costs to the County.

CALLISTER, C. J., concurs in the views expressed in the dissenting opinion of HENRIOD, J.