**CRESTVIEW-HOLLADAY HOMEOWNERS ASSOCIATION, INC., a Utah Corporation, et al., Plaintiffs and Respondents,**

**v.**

**ENGH FLORAL COMPANY, a Utah Corporation, dba Engh Floral and Garden Center, et al., Defendants and Appellants.**

**No. 14090.**

Supreme Court of Utah.

Feb. 2, 1976.

Henry S. Nygaard, of Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for Engh Floral.

R. Paul Van Dam, Salt Lake County Atty., Kent Lewis, Asst. Salt Lake County Atty., Salt Lake City, for Salt Lake.

Wm. G. Fowler, of Roe & Fowler, Salt Lake City, for plaintiffs-respondents.

TUCKETT, Justice:

By this appeal the court is called upon to review the decision of the District Court of Salt Lake County invalidating an amendment to the zoning ordinance of Salt Lake County which reclassified property owned by the defendant, Engh Floral Company.

Plaintiff is a nonprofit corporation organized by residents in the area of 3900 South and 2100 East Streets in Salt Lake County. The individual plaintiffs are resident-owners of property in the same vicinity. The defendant, Engh Floral Company, is generally engaged in the retail and wholesale floral business at 2100 East and 3900 South Streets. The floral business was established by Henry Engh at that location in 1932. The present defendant succeeded to the business at a later time. There were no zoning ordinances in effect governing the neighborhood in 1932.

In 1953 Salt Lake County adopted a zoning ordinance which classified the Engh property as Agricultural Zone A–1. Agricultural Zone A–1 permitted agricultural and conditional uses including nurseries and greenhouses. The property situated directly south of the Engh Floral Company's property is zoned R–1–10 which generally authorizes agriculture and single family homes. The property to the east

and northwest is zoned R–2–104 which generally authorizes agriculture and one- and two-family dwellings. The property to the west is zoned R–2–8 which generally authorizes agriculture and one- and two-family dwellings. The Engh Floral Company, by the acquisition of neighboring properties, expanded its operations substantially beyond the perimeter of the parcel of land entitled to be classified as a non-conforming use in 1953. The business has expanded into a major commercial enterprise with annual gross receipts of more than $1,200,000 and occupying approximately 13 acres.

On February 8, 1972, Engh Floral Company filed an application requesting the Board of County Commissioners to reclassify its property from an A–1 Zone to a C–3 Zone. On May 1, 1972, Engh Floral filed its amended application to reclassify its property from A–1 Zone to R–M and C–2 Zones. On June 12, 1972, a public hearing was held on the application at which time numerous protestants appeared and objected to the reclassification. On August 16, 1973, the Salt Lake County Commission approved Engh's amended application and reclassified the property from Zone A–1 to a C–2 and an R–M Zone. The R–M Zone permits construction of multiple housing units.

This proceeding ensued and as a grounds for striking down the ordinance, the plaintiffs contend that the reclassification and the uses permitted thereunder will greatly depreciate the value of the homes of the plaintiffs in that it will change the character of the neighborhood from an area of single-family dwellings to high density living units as well as increasing the commercial activity in the area leading to increased traffic which would endanger children and others in the neighborhood in the use of the streets. Plaintiffs further contend that the reclassification amounts to spot zoning which will benefit the Engh property to the detriment of the plaintiffs and others living in the area. Defendants claim that a specific detailed plan for the development of the southeastern portion of Salt Lake County has been made.

The preparation of the plan began in 1970 and much of the study was carried on by an independent consulting firm. The master plan known as "Big Cottonwood Master Plan" was adopted by the Salt Lake County Commission prior to its amendment of the ordinance which reclassified the Engh property. The county zoning ordinances also provide that before any development can take place on a commercial zone larger than one acre, a conditional use permit must be obtained from the Salt Lake County Planning Commission. It is also provided that before issuing a conditional use permit, a public hearing is required by the Salt Lake County Planning Commission. These provisions are designed to control the establishment of commercial activities in the zone.

The trial court held that the reclassification ordinance constitutes spot zoning and that the action of the Board of County Commissioners was arbitrary, unreasonable and capricious.

Spot zoning results in the creation of two types of "islands." One type results when the zoning authority improperly limits the use which may be made of a small parcel located in the center of an unrestricted area. The second type of "island" results when most of a large district is devoted to a limited or restricted use, but additional uses are permitted in one or more spots in the district.[1] It is the latter type which is involved here. It is doubtful that the term "spot zoning" applies to this case in view of the size of the tract. In the area surrounding the subject property there are a number of commercial enterprises most of which began prior to the adoption of a zoning ordinance by the county.

In the review of zoning cases the function of the court is narrow and its

1. *Wilkins v. City of San Bernardino*, 29 Cal.2d 332, 175 P.2d 542.

scope is limited to a determination of whether or not the action of the Board of County Commissioners as a legislative body is illegal, arbitrary, discriminatory or capricious. No contention is made that the county did not act within its grant of powers from the legislature in its adoption of the original zoning ordinance. The prior decisions of this court without exception have laid down the rule that the exercise of the zoning power is a legislative function to be exercised by the legislative bodies of the municipalities. The wisdom of the zoning plan, its necessity, the nature and boundaries of the district to be zoned are matters which lie solely within that discretion. It is the policy of this court as enunciated in its prior decisions[2] that it will avoid substituting its judgment for that of the legislative body of the municipality. We are of the opinion that the Board of Commissioners of Salt Lake County acted within the scope of its legislative powers, and that the reclassification ordinance was adopted pursuant to a planning scheme developed for that portion of the county we are here concerned with. A careful review of the evidence leads us to the conclusion that the plaintiffs have failed to sustain their burden that the action of the county was arbitrary, unreasonable or capricious.

The decision of the court below is reversed and the matter is remanded directing the court to dismiss the plaintiffs' complaint. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

2. *Marshall v. Salt Lake City*, 105 Utah 111, 141 P.2d 704; *Phi Kappa Iota Fraternity v. Salt Lake City*, 116 Utah 536, 212 P.2d 177; *Dowse v. Salt Lake City Corp.*, 123 Utah 107, 255 P.2d 723; *Naylor v. Salt Lake City Corp.*, 17 Utah 2d 300, 410 P.2d 764. See also *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; *Wakefield v. Kraft*, 202 Md. 136, 96 A.2d 27.