COTTONWOOD HEIGHTS CITIZENS ASSOCIATION, a non-profit Utah Corporation, et al., Plaintiffs and Appellants,

v.

The BOARD OF COMMISSIONERS OF SALT LAKE COUNTY et al., and Bliss Parsons, Defendants and Respondents.

No. 15886.

Supreme Court of Utah.

March 20, 1979.

Glen M. Richman of Richman, Wright & Wilkins, Salt Lake City, for plaintiffs and appellants.

Theodore Q. Cannon, Salt Lake County Atty., Donald Sawaya, Deputy County Atty., Kent S. Lewis, Carman E. Kipp of Kipp & Christian, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiff Cottonwood Heights Citizens Association seeks reversal of a decision of the District Court which sustained the action of the Salt Lake County Commission in issuing a permit to Bliss Parsons to construct a 200 unit apartment complex in the area of 6900 South and 2300 East in Salt Lake County.

Plaintiff's contention is that the Commission's approval of Mr. Parson's application was arbitrary and capricious, in that: (1) the Commission had denied a similar application from a different applicant five months earlier and no substantial change of circumstances had occurred, and (2) that the Commission had failed in its duty to "gather pertinent information from all possible sources" before it approved the application.[1]

On August 19, 1976, one Leo Wade applied for a permit for the construction of a 246 unit apartment complex. The Commission denied that application on the grounds that: (1) there was no evidence that the development would contribute to the well-being of the neighborhood and the community; (2) there was a lack of local support for the development; (3) the 246 unit complex with buildings two and one-half stories high would be incompatible with the single family dwellings in the area; (4) traffic congestion; (5) the density of the development (22.9 unit per acre) was too great for the 10.7 acre site; (6) there was no evidence that the developer would comply with requirements of the County Planning Commission and county ordinances; but on the contrary there was evidence that he had previously failed to do so in other developments he had undertaken in the county, and (7) the property was better suited for commercial development, which would be more compatible with the single family neighborhood.

Subsequently, Mr. Wade sold the property to Mr. Parsons. On January 3, 1977, Mr.

1. See *Gayland v. Salt Lake County,* 11 Utah 2d 307, 358 P.2d 633 (1961) wherein we stated that the Commission "has the responsibility of advising itself of all pertinent facts as a basis for determining what is in the public interest . . . ." Id. at 635–636.

Parsons applied for a permit to develop a 246 unit apartment complex on that property. After numerous hearings were held, the County Planning Commission recommended approval of the application, but on certain conditions: that instead of the 246 units requested, there be only 200 units, which would decrease the density from 23 to 20 units per acre; and that the limitation on height would be one and one-half stories instead of two and one-half stories. Additionally, the approval was for only one phase of the development, consisting of 120 units. No approval for the remainder of the project would be forthcoming until that first phase was satisfactorily completed. The County Planning Commission also imposed other conditions and restrictions regarding the exterior appearance of the buildings, lighting and parking facilities, landscaping of the areas surrounding the complex and the installation of a solid visual barrier fence along the entire property.

The plaintiff appealed to the County Commission, which conducted a hearing on the application. It found that Mr. Parsons would commit himself to compliance with all prescribed conditions and county ordinances; and that the conditions imposed would "make the apartments an acceptable use for the site" and "provide necessary housing for the benefit of the neighborhood and community." Further, that "the use would not be detrimental to the health, safety or welfare" of the community.

In making its determination supporting the decision of the County Commission, the District Court noted the facts above recited, including the changes in the Parsons plan as compared to those of the previously rejected Wade plan. It acknowledged the prerogative of the County Commission to exercise its judgment as to whether those changes, coupled with the responsibility of Mr. Parsons, constituted sufficient difference upon which to change its position from a denial to a granting of the application to build an apartment complex in that area.[2]

 In addressing the plaintiff's attack upon the judgment, there are certain rules to be considered. Due to the complexity of factors involved in the matter of zoning, as in other fields where courts review the actions of administrative bodies, it should be assumed that those charged with that responsibility (the Commission) have specialized knowledge in that field.[3] Accordingly, they should be allowed a comparatively wide latitude of discretion;[4] and their actions endowed with a presumption of correctness and validity[5] which the courts should not interfere with unless it is shown that there is no reasonable basis to justify the action taken.[6]

 The fact that a prior application has been denied should not preclude the Commission from granting a later application if there has been a material change in circumstances.[7] For instance, a change in the conditions of the area of the proposed development, or in the application, or a combination thereof, may be sufficient to justify a different decision on a new application.[8]

 Plaintiffs' contention that the Commission had failed in its duty to gather all pertinent data includes the assertion that there had been no new studies as to water supply, flood control, traffic conditions and other pertinent factors. Defend-

2. See 82 Am.Jur.2d, Zoning & Planning, section 218; 101 C.J.S. Zoning, section 267.

3. *Naylor v. Salt Lake City Corp.,* 17 Utah 2d 300, 410 P.2d 764 (1966).

4. 82 Am.Jur.2d, Zoning & Planning, section 334; *Gayland v. Salt Lake County,* supra, note 1; *Naylor v. Salt Lake City Corp.,* supra, note 3.

5. *Gayland v. Salt Lake County,* supra, note 1; *Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977). That the

ruling should be given great weight when it has been affirmed by the District Court on appeal, see *Banks v. City of Bethany,* Okl., 541 P.2d 178 (1975).

6. *Naylor v. Salt Lake City Corp.,* supra, note 3.

7. *Steiger v. Bd. of Supervisors,* 143 Cal.App.2d 352, 300 P.2d 210 (1956).

8. See 82 Am.Jur.2d, Zoning & Planning, section 318; 52 A.L.R.3d 494 and cases cited therein.

ants' adequate rejoinder to this is that the record indicates that those matters were indeed considered; that the staff of the Planning Commission had reviewed Mr. Parsons' application for one and one-half months before it recommended approval of the application; and that such approval was also recommended by the Salt Lake City-County Board of Health.

Upon the basis of what has been said herein, concerning the change in circumstances, and the new conditions imposed upon the approval of the application, there is sufficient basis in the record to support the trial court's refusal to interfere with the actions of the Commission. We therefore see no justification for disturbing the judgment.

Affirmed. No costs awarded.

WILKINS and HALL, JJ., and GEORGE E. BALLIF, District Judge, concur.

STEWART, J., concurs in result.

MAUGHAN, J., does not participate herein.