2000 Utah Ct. App. 1

Kirk GARDNER, Plaintiff and Appellant,

v.

PERRY CITY and Brad Wilkinson,
Defendants and Appellees.

No. 990080–CA.

Court of Appeals of Utah.

Jan. 13, 2000.

Christopher L. Daines, Barrett & Daines, Logan, for Appellant.

Keith M. Backman, Helgesen, Waterfall & Jones, Melvin E. Smith and Gary R. Williams, Smith, Anderson, Knowles, Hamilton & Mansfield, Ogden, for Appellees.

Before GREENWOOD, Associate P.J., BENCH, and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

¶ 1 Plaintiff Kirk Gardner (Gardner) appeals from summary judgment in favor of defendants Perry City and Brad Wilkinson (Wilkinson) (collectively, appellees) and the release of the lis pendens filed against Wilkinson's property. We affirm in part and reverse in part and remand for further proceedings.

## BACKGROUND

¶ 2 On January 21, 1998, the Perry City Planning Commission (Planning Commission) recommended to the Perry City Council (City Council) an amendment to the city's zoning ordinance that would rezone 245 acres within the city to permit quarter-acre building lots on lands that previously allowed only lots of one acre or larger. The City Council considered and took action on the Planning Commission's recommendation at meetings on February 19 and 26, 1998. In doing so, the City Council considered the recommendation in five or six separate parcels rather than the single parcel presented to it by the Planning Commission.

¶ 3 Appellee Perry City argues that all of the parcels, though considered separately, were ultimately re-zoned according to the Planning Commission's recommendation. Gardner, however, contends that some of the parcels were re-zoned and some were not. The record before us does not resolve this factual issue.

¶ 4 Appellee Wilkinson's property was among the parcels that were re-zoned by the City Council. Gardner, whose property abuts Wilkinson's property, filed the present suit against Perry City on March 30, 1998. Gardner alleged that the City Council, by considering the planning commission's proposal in separate parcels, violated the city's procedures governing amendments to the zoning ordinance.

¶ 5 On May 28, 1998, acting on a recommendation from the Planning Commission, the City Council approved subdivision of Wilkinson's property. Gardner filed his Amended Complaint on June 30, 1998, adding Wilkinson as a defendant, alleging that the approval of Wilkinson's subdivision was illegal because the prior re-zone of Wilkinson's property was illegal, and seeking an injunction to prevent Wilkinson from developing his subdivision.[1] In conjunction with his Amended Complaint, Gardner filed a lis pendens on Wilkinson's property.

---

1. The parties agree that the legality of the Wilkinson subdivision depends upon the legality of the amendment to the zoning ordinance. Gardner is precluded from challenging the approval of the subdivision separately: jurisdiction over such challenges is vested in the city's board of adjustment, *see* Utah Code Ann. § 10–9–703 (1999), and the record does not reflect that Gardner has exhausted his administrative remedies in this regard. *See id.* § 10–9–1001.

¶ 6 On cross motions for summary judgment, the trial court found in favor of Wilkinson and Perry City and ordered the lis pendens dissolved. Gardner now appeals.[2]

## ANALYSIS

### I. Standard of Review

¶ 7 "Summary judgment is appropriate only when there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law." *Springville Citizens for a Better Community v. City of Springville,* 979 P.2d 332, 336 (Utah 1999) (citing Utah R. Civ. P. 56(c)). "We review the district court's grant of summary judgment for correctness, according no deference to the court's legal conclusions, and accept the facts and inferences in the light most favorable to the losing party." *Macris & Assoc., Inc. v. Neways, Inc.,* 986 P.2d 748, 750 (Utah Ct. App.1999) (citations and internal quotations omitted).

¶ 8 When we review a municipality's land use decisions, we "presume that land use decisions and regulations are valid," Utah Code Ann. § 10–9–1001(3)(a) (1999), and "determine only whether or not the decision is arbitrary, capricious, or illegal." *Id.* § 10–9–1001(3)(b). "Although [section 10–9–1001] expressly applies only to the district court, 'the standard for our review ... is the same standard established in the Utah Code for the district court's review.'" *Brown v. Sandy City Bd. of Adjustment,* 957 P.2d 207, 210 n. 5 (Utah Ct.App.1998) (quoting *Patterson v. Utah County Bd. of Adjustment,* 893 P.2d 602, 603 (Utah Ct.App.1995)); *see also Springville Citizens,* 979 P.2d at 336.

### II. Utah Zoning Statute

¶ 9 Gardner asserts the zoning amendment passed by the City Council was illegal.[3] Gardner argues that the City Council violated procedures mandated by statute and ordinance when it considered the Planning Commission's proposal in parcels and then rezoned some of the parcels but not others.[4]

¶ 10 This issue presents a question of statutory interpretation. "When construing a statute, we must give effect to legislative intent. To that end, we presume that the Legislature used each term advisedly, and we give effect to each term according to its ordinary and accepted meaning." *Versluis v. Guaranty Nat'l Cos.,* 842 P.2d 865, 867 (Utah 1992) (citations omitted). "[W]e first examine the statute's plain language." *Matrix Funding Corp. v. Auditing Div. of the Utah State Tax Comm'n,* 868 P.2d 832, 833 (Utah Ct.App.1994).

¶ 11 The Utah Code grants to a municipality's legislative body the authority to amend a zoning ordinance and provides mandatory procedures for doing so:

(1) (a) The legislative body may amend:

(i) the number, shape, boundaries, or area of any zoning district;

(ii) any regulation of or within the zoning district; or

(iii) any other provision of the zoning ordinance.

(b) The legislative body may not make any amendment authorized by this subsection unless the amendment was proposed by the planning commission or is first submitted to the planning commission for its approval, disapproval, or recommendations.

---

**2.** In response to Gardner's lawsuit, Wilkinson petitioned for and received a second re-zone of his property by the City Council. Gardner has filed a separate action challenging the legality of this second re-zone of Wilkinson's property. Because we conclude that our resolution of this appeal can affect the litigants' rights, we conclude that the subsequent actions by the City Council do not moot the matters before us. *See Winters v. Schulman,* 977 P.2d 1218, 1221 (Utah Ct.App.) ("[A]n issue only becomes 'moot when "the requested judicial relief cannot affect the rights of the litigants."'" (quoting *Bennion v. Sundance Dev. Corp.,* 897 P.2d 1232, 1234 (Utah Ct.App.1995) (quoting *State v. Sims,* 881 P.2d 840, 841 (Utah 1994)))), *cert. denied,* 1999 Utah Lexis 135 (Utah 1999).

**3.** Gardner does not argue that the zoning amendment was arbitrary or capricious.

**4.** As we noted above, it is not clear from the record whether the amendment passed by the City Council differs from the Planning Commission's recommendation. For the purposes of appeal from summary judgment only, we assume that the facts are as Gardner argues.

(2) The legislative body shall comply with the procedure specified in Section 10–9–402 in preparing and adopting an amendment to the zoning ordinance or the zoning map.

Utah Code Ann. § 10–9–403 (1999). Gardner argues that section 10–9–403 prevents the City Council from dividing the Planning Commission's proposal into separate parcels because a change in the number, shape, and boundaries of a zoning district is an amendment under section 10–9–403(1)(a), and that an amendment must be approved by the Planning Commission under section 10–9–403(1)(b). We disagree.

■ ¶ 12 Although a change in the number, shape, boundary, or area of a zoning district constitutes an amendment to a zoning ordinance, and although the Planning Commission must recommend or approve an amendment to a zoning *ordinance*, it does not follow that the City Council must remand to the Planning Commission an amendment to the Planning Commission's *proposal*. As appellees note, section 10–9–403(2) expressly incorporates the procedures in section 10–9–402 of the Utah Code. *See id.* § 10–9–403(2). Section 10–9–402 provides:

(1) The planning commission shall prepare and recommend to the legislative body a proposed zoning ordinance ... that represents the commission's recommendations for zoning all or any part of the area within the municipality.

(2) (a) The legislative body shall hold a public hearing on the proposed zoning ordinance....

(3) After the public hearing, the legislative body may:

(a) adopt the zoning ordinance as proposed;

(b) amend the zoning ordinance and adopt or reject the zoning ordinance as amended; or

(c) reject the ordinance.

*Id.* § 10–9–402 (1999). The plain language of section 10–9–402(3)(b) permits the City Council to amend the Planning Commission's proposal before adopting or rejecting the proposal as amended.

¶ 13 Gardner incorrectly equates the process of amending a zoning *ordinance* with that of amending a planning commission's *proposal*. An amendment to a zoning *ordinance* must be proposed by or submitted to a planning commission. However, an amendment to a planning commission's *proposal* may be made by a city council without remand to the planning commission. *Compare id.* § 10–9–403(1)(b) *with id.* § 10–9–402(3)(b).

■ ¶ 14 We conclude that the City Council did not violate Utah's zoning statute when it considered and acted on the Planning Commission's proposal in separate parcels. Because the City Council had statutory authority to amend the Planning Commission's proposal before adopting or rejecting it, the same result obtains even if the City Council did not ultimately adopt the entire proposal.[5] We therefore affirm summary judgment for appellees on Gardner's statutory claim.

### III.   Perry City Ordinance

#### A.   Legality

■ ¶ 15 Next, Gardner argues that the City Council violated the Perry City ordinance requiring the Council to remand to the Planning Commission "*any change* in the [zoning] amendment as submitted to it by the planning commission." Perry City Ordinance 2.3(4) (emphasis added) (Ordinance). At issue is whether, by considering portions of the proposal separately and then adopting some and rejecting others, the City Council effected "any change" to the Planning Commission's proposal.

¶ 16 Gardner argues that the term "any change" is unambiguous and has the same

---

**5.** We note that a city council's statutory authority to amend a planning commission's proposal is not unbounded: the council's amendments must not result in a land use decision that is arbitrary and capricious, *see* Utah Code Ann. § 10–9–1001(3)(b) (1999); *Springville Citizens*, 979 P.2d at 336, and the public must have sufficient notice of the amendment contemplated. *See, e.g., Naylor v. Salt Lake City Corp.*, 17 Utah 2d 300, 410 P.2d 764, 764 (1966) (holding public had fair notice of adopted zoning amendment where uses permitted in adopted amendment were a subset of those permitted in the proposed amendment).

meaning as the term "amendment" in Utah Code Ann. § 10–9–403(1)(a)(i) (1999). "Any change" would thus encompass changes in the number, shape, boundaries, or area of any zoning district. *See id.* Appellees argue that we should defer to the City Council's interpretation that "any change" means only substantive change, and thus does not preclude incremental consideration of the Planning Commission's proposal.

■ ¶ 17 "In interpreting the meaning of ordinances, we are guided by the standard rules of statutory construction." *Brown v. Sandy City Bd. of Adjustment,* 957 P.2d 207, 210 (Utah Ct.App.1998) (citations and alterations omitted). Accordingly, we first examine the plain language of the ordinance and resort to other methods of interpretation only if the language is ambiguous. *See id.* at 210–11. "Change" is defined as: "To cause to be different; alter." *American Heritage Dictionary of the English Language* 224 (1980). Because the Ordinance requires that "any change" be remanded to the Planning Commission, remand to the Planning Commission would be required if the amendment to the zoning ordinance as enacted were "any different" or "altered" from the Planning Commission's proposal. We therefore conclude that the City Council is not precluded from considering the Planning Commission's proposal incrementally if the substantive result of the Council's incremental consideration is not different from the Planning Commission's proposal. However, if the City Council enacts the proposal as to some of the parcels but not others, then the result constitutes a change from the proposal and violates the Ordinance.[6]

¶ 18 In summary, we hold that incremental consideration of, and action upon, the Planning Commission's proposal does not by itself constitute "any change" to such proposal. However, adoption of parts of the proposal and rejection of other parts would constitute an illegal change under the Ordinance. As we have noted, the record is not clear as to whether the City Council ultimately adopted the Planning Commission's proposal on all of the parcels into which the proposal was divided. We therefore remand for a factual determination as to whether the City Council adopted the Planning Commission's proposal on all the parcels.

### B. Prejudice

■ ¶ 19 If the district court finds on remand that the City Council did not adopt the amendment as proposed by the Planning Commission, Gardner must still show that he is entitled to have the zoning amendment set aside. *See Springville Citizens,* 979 P.2d at 338. This case involves facts closely analogous to *Springville Citizens.* In that case, citizens of a city sought review of the city council's decision to approve a planned unit development. Among the procedural irregularities alleged by plaintiffs was the city council's failure to follow its own ordinance, which states: "If modifications are required [by the city council], such modifications *must* be referred to the Planning Commission and be approved by the Commission." *Id.* at 335 (quoting Springville City Code § 11–5–10) (alteration in original). The Utah Supreme Court held the subdivision approval illegal because the city council failed to follow its own procedures. *See id.* at 338. However, the supreme court did not set aside the city council's decision; rather, it remanded with the requirement that plaintiffs show "that they were prejudiced by the City's noncompliance with its ordinances or, in other words, *how, if at all, the City's decision would have been different* " had the city complied with its ordinances. *Id.* (emphasis added).

¶ 20 Following *Springville Citizens,* we require Gardner to establish on remand that

---

6. Appellees argue that the Ordinance is invalid if it imposed more burdensome requirements on the City Council than do Utah Code sections 10–9–402 and –403. Specifically, appellees argue that the Ordinance would prevent the City Council from exercising its statutory authority to amend the Planning Commission's proposal if it must remand to the Planning Commission. *See* Utah Code Ann. § 10–9–402(3)(b) (1999). However, Utah's municipal land use statute provides that "municipalities may enact ordinances imposing *stricter requirements or higher standards* than are required by this chapter." *Id.* § 10–9–104(1). Moreover, the Ordinance does not prevent the City Council from amending a Planning Commission proposal; it merely imposes additional procedural requirements on the Council when amending such a proposal.

the City Council's decision would have been different if it had followed its ordinance.[7]

## IV. Release of the Lis Pendens

¶ 21 Upon entering judgment, the trial court ordered the lis pendens on Wilkinson's property dissolved. Gardner appeals the trial court's dissolution of the lis pendens and asks us to reinstate it.

¶ 22 "Whether a court may grant a party's requested relief from a lis pendens is a question of law which an appellate court reviews for correctness, according no deference to the trial court." *Timm v. Dewsnup*, 921 P.2d 1381, 1392 (Utah 1996) (citing *State v. Pena*, 869 P.2d 932, 936 (Utah 1994)).

■ ¶ 23 *Timm* involved a dispute over property secured by a trust deed. *See id.* The borrower in *Timm* filed a lis pendens on the subject property, which the trial court dissolved when it entered summary judgment for the lenders. *See id.* The Supreme Court reversed in part and remanded, ordering reinstatement of the lis pendens because the borrower's interest in the subject property depended upon the outcome of the case on remand. *See id.* at 1393. Following *Timm*, we order reinstatement of the lis pendens on remand as the zoning decision will affect the status of the property in question.[8]

¶ 24 We note that, as in *Timm*, Gardner will be afforded no relief in the event that lots in the Wilkinson subdivision were sold to bona fide purchasers during the pendency of this appeal. *See id.* (appellant who did not move to stay judgment pending appeal could not obtain reconveyance of property sold to bona fide purchasers after release of lis pendens). On appeal, Gardner could have moved to stay the trial court's order dissolving the lis pendens but did not. *See* Utah R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."). Thus to the extent that Gardner is prejudiced by the sale and development of subdivision lots during the pendency of this appeal, Gardner brought such prejudice upon himself by failing to file a supersedeas bond after filing notice of appeal. *See Timm*, 921 P.2d at 1392.

## CONCLUSION

¶ 25 The Perry City Council did not violate the procedures prescribed by the Utah Code when it considered the Planning Commission's proposal incrementally rather than as a whole. This result obtains whether or not the City Council ultimately adopted the zoning amendment on all of the parcels considered. If, however, the City Council adopted the zoning amendment on some parcels but not others, then the City Council violated Perry City Ordinance 2.3(4), which requires that the City council remand to the Planning Commission "any change" in the Planning Commission's proposal. We remand for this determination. If the City Council did not adopt the zoning amendment on each of the parcels, then Gardner must show that he was prejudiced by the City Council's failure to follow its own procedures before he can prevail. The lis pendens on the Wilkinson property shall be reinstated on remand until a final decision is made by the trial court.

¶ 26 I CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge.

---

7. We agree with Gardner that *Springville Citizens* imposes a difficult—if not impossible—burden on a citizen who seeks to challenge the procedural legality of a city's land use decision. However, "[t]his court is obligated under the doctrine of stare decisis to accept the rulings of the supreme court." *Hart v. Salt Lake County Comm'n*, 945 P.2d 125, 138 (Utah Ct.App.), *cert. denied*, 953 P.2d 449 (Utah 1997).

We do not find counsel's statement at oral argument a clear admission that his client cannot prove prejudice on remand. Counsel's comment was made in the context of arguing why we should apply *Springville Citizens* in a less rigorous manner and we think it should not preclude, if desired, an opportunity to be heard on this issue.

8. A notice of lis pendens may be filed in a suit "affecting the title to, or the right of possession of, real property." Utah Code Ann. § 78–40–2 (1996). Whether a lis pendens is properly filed in an action to set aside a zoning ordinance has not been decided in this state. We do not address that issue herein because Wilkinson has not raised it. Rather, we conclude that Wilkinson has waived whatever objection he may have to the propriety of the lis pendens in this action.

BENCH, Judge (concurring and dissenting):

¶ 27 I agree that the Perry City Council (the City) did not violate Utah's zoning statutes when it considered and acted on the Planning Commission's proposal in separate parcels. I also agree that, with respect to the alleged violation of the city ordinance, the case is controlled by *Springville Citizens v. City of Springville*, 979 P.2d 332 (Utah 1999). Contrary to Gardner's argument, *Springville Citizens* is not limited to suits for money damages.

¶ 28 I am willing to assume that the City violated the ordinance requirement that "any change" in the Planning Commission's recommendation should be referred back to the Planning Commission. *See* Perry City Ordinance 2.3(4). In order to prevail, however, Gardner must show prejudice under the *Springville Citizens* standard. Gardner must therefore be able to demonstrate "how, if at all, the City's decision would have been different" had the City complied with its ordinance. *Springville Citizens*, 979 P.2d at 338.

¶ 29 The main opinion remands the case and "require[s] Gardner to establish on remand that the City Council's decision would have been different if it had followed its ordinance." I disagree that this case should be remanded, in view of Gardner's concession on appeal that he cannot show prejudice under the *Springville Citizens* standard. At oral argument before this court, Gardner's attorney admitted that "I think it sets up a requirement that's impossible to meet." This concession is understandable given that, in response to this very lawsuit, the City rezoned the property a second time. *See* note 2 of main opinion. Thus, having been apprised of Gardner's complaint, the City went forward with the same rezoning decision. In view of the concession, and the second rezone by the City, any remand of this case is unnecessary and unwarranted.

¶ 30 Finally, because I would affirm rather than remand, I would not reinstate the lis pendens.