**C. Edward BUTT, dba S. A. W. Transportation Company, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CORPORATION, Defendant and Respondent.**

**No. 14353.**

Supreme Court of Utah.

May 25, 1976.

---

3. 412 S.W.2d 29 (Texas 1967).

4. See Sec. 7, Art. VIII, Utah Const.

5. Sec. 77–61a–7, U.C.A.1953.

6. *Watkins v. Simonds*, 14 Utah 2d 406, 385 P.2d 154 (1963).

Edwin G. Gibbs, Lehi, for plaintiff and appellant.

Roger F. Cutler, Salt Lake City Atty., O. Wallace Earl, Asst. Salt Lake City Atty., Salt Lake City, for defendant and respondent.

ELLETT, Justice:

Appellant Butt is a licensed taxicab operator in jurisdictions outside respondent City, to wit, Alta, Sandy, West Jordan, Utah, and Salt Lake County. Appellant also has an exempt certificate from the Public Service Commission of the State of Utah. The record shows that a substantial portion of appellant's business results from transporting passengers from Salt Lake City's International Airport, which is within the corporate limits of Salt Lake City, to the ski resorts of Alta and Snowbird for a fee. Appellant has no Certificate of Necessity and Convenience issued by respondent City, nor does he have any agreement with the Salt Lake City International Airport for the conduct of commercial activities at said airport.

The question presented to this court is whether Section 43–2–1, Revised Ordinances of Salt Lake City, Utah, 1965, as amended in 1974 is constitutional. The amended portion reads in part:

No person shall operate or permit a taxicab . . . to be operated . . . for hire upon the streets of Salt Lake City without first having a certificate of public convenience and necessity from the board of commissioners.

\* \* \* \* \* \*

The term operate for hire upon the streets of Salt Lake City shall include the soliciting or picking up of a passenger or passengers within the corporate limits of Salt Lake City whether the destination shall be within or outside of the corporate limits.

Section 10–8–39, U.C.A.1953, grants cities the power to "license, tax and regulate . . . cabs and taxicabs, and solicitors therefor; . . . drivers of . . . cabs and taxicabs and other public conveyances . . . ."[1]

Very early in our State's history this court recognized that city councils and boards of commissioners have large discreation in regulating businesses.[2] We held in *Salt Lake City v. Revene*[3] that a statute empowering a city to "regulate" a particular business authorizes the city to prescribe and enforce all such proper and reasonable rules and regulations as may be deemed necessary and wholesome in conducting the business in a proper and orderly manner.

The expressed opinion of the commissioners in passing the 1974 amendment was that it was "necessary to the peace, health and welfare of the inhabitants of Salt Lake City.[4] We agree, that in this case the respondent City has a direct interest and power to regulate taxicabs within city limits and therefore hold the ordinance valid and constitutional. Since appellant admits in the record that he does a substantial business within the city limits by providing rides originating from the airport, he should be subject to 42–2–1.

Judgment is affirmed.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. Likewise, city streets are under the jurisdiction and control of the city. See Section 27–12–23, U.C.A.1953, as amended.

2. *Perry v. City Council of Salt Lake City*, 7 Utah 143, 25 P. 739 (1891).

3. *Salt Lake City v. Revene*, 101 Utah 504, 124 P.2d 537 (1942).

4. Sec. 43–2–2, Revised Ordinances of Salt Lake City, Utah 1965, as amended in 1974.