LAYTON CITY, Plaintiff and Respondent,

v.

David J. SPETH, Defendant and Appellant.

No. 15200.

Supreme Court of Utah.

April 10, 1978.

Thomas A. Jones, Salt Lake City, for defendant and appellant.

Bruce C. Barton, Layton City Atty., Layton, for plaintiff and respondent.

ELLETT, Chief Justice:

Mr. Speth was charged with violating an ordinance of the City of Layton in that he "knowingly permitted his vehicle to be occupied by persons unlawfully possessing and using a controlled substance, marijuana in the vicinity of Davis Drive Inn at about 9:55 P.M."

The ordinance under which Mr. Speth was charged reads as follows:

(1) It shall be unlawful:

\*       \*       \*       \*       \*       \*

(b) For any owner, tenant, licensee, or person in control of any building, room, tenement, vehicle, boat, aircraft, or other place, knowingly and intentionally to permit the same to be occupied by persons unlawfully, possessing, using or distributing controlled substances therein.[1]

The defendant was convicted in the city court and appealed to the district court where he was again found guilty. He appeals to this Court claiming the ordinance under which he was charged is invalid.

1. Layton Municipal Code, section 9.80.030.

At the time of the alleged offense the statutes of Utah permitted cities certain powers including a prohibition against ". . . the sale, giving away or furnishing of intoxicating liquors or narcotics, or of tobacco to any person under twenty-one years of age; . . .".[2] The statute has since been amended but the amendment has no bearing on the present case.

■ Cities are also empowered by statute to pass all ordinances, rules, and regulations for carrying into effect all powers and duties conferred and "such as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort and convenience of the city and the inhabitants thereof, . . .".[3]

The ordinance in question is not one which is necessary for carrying into effect any of the purposes above mentioned.

In the case of *Nasfell v. Ogden City*[4] the ordinance in question provided that the owner of a vehicle illegally parked on the streets of Ogden City was prima facie the one who parked the vehicle. In holding the ordinance invalid, this Court said:

. . . [G]rants of power to cities are strictly construed to the exclusion of implied powers not reasonably necessary in carrying out the purposes of the express powers granted.

■ By the statute[5] it is clear that the only authority given to the city was to prohibit anyone from selling, giving away, or furnishing marijuana to a person under twenty-one years of age. Mr. Speth is not charged with doing any of those unlawful acts; and that part of the ordinance which attempts to make it unlawful for an owner of an automobile, knowingly and intentionally, to permit persons to occupy it who possess, use, or distribute marijuana must be held to be beyond the power of the city to enact. The ordinance is, therefore, invalid.

■ The State of Utah has enacted statutes controlling the sale, gift, or use of controlled substances. Subsections (2)(a)(ii) of U.C.A., 1953, 58–37–8 contains the exact language of the ordinance set out above. The city had no power or authority to copy the statute in its ordinance.

If the city could enact an ordinance covering the same offenses as those set out in the statute, there would be a problem. A violation of the ordinance would only be a misdemeanor punishable by fine, not to exceed $300 or by a jail sentence, not to exceed six months while the state statute[6] declares the offense to be punishable as follows:

(a) For the first offense, a fine of $299 or jail not to exceed six months, or both;

(b) For the second offense, a fine of $1,000 or jail not to exceed one year, or both;

(c) For the third or subsequent conviction, imprisonment in the Utah State Prison for not more than five years.

The city ordinance penalty would apply to a person who was a multiple offender as well as to a first offender for the ordinance applies simply to anyone who knowingly permits his car to be occupied by persons using controlled substances therein.

The conviction of Mr. Speth for violating that ordinance must be set aside. The judgment is reversed. No costs are awarded.

MAUGHAN, J., concurs.

WILKINS, J., concurs in the result.

CROCKETT, Justice (dissenting):

Statutes enacted by the legislative authority of cities in discharging the responsibilities of government are entitled to the same presumptions of validity as other leg-

2. U.C.A., 1953, 10–8–47.

3. U.C.A., 1953, 10–8–84.

4. 122 Utah 344, 346, 249 P.2d 507, 508 (1952).

5. See footnote 2 *supra.*

6. U.C.A., 1953, as amended, 58–37–8(2)(b)(i), (ii), and (iii).

islation; and should not be stricken down by judicial intervention unless they are clearly invalid.[1] It is true that the powers of cities must be found in the statutes granting those powers. But it is also true that it is impossible to spell out in the generality of statutes all of the details necessary to carry on the responsibilities of government; and that cities have those powers expressly granted and those necessarily implied to carry on such responsibilities.[2]

In regard to the problem here involved, the important general grant of power to the city is that which is necessary to preserve the health, safety and good order of the city and its inhabitants.[3] The power referred to in the main opinion, of prohibiting the sale or furnishing of drugs to minors,[4] is a lesser and incidental one. It certainly should not be subject to question that the general grant referred to above includes authority to regulate and/or prohibit the possession or use of narcotic drugs; and this should be true wherever found, whether on one's person, home, or wherever such drugs may be.

The ordinance under attack is designed to prohibit anyone from "knowingly and intentionally" permitting others to possess or use drugs in violation of the law in any "building, room, tenement, vehicle" etc. In my judgment it is properly fashioned and can be sensibly applied to prohibit a person from knowingly aiding, assisting, or encouraging others in the commission of the offense of possessing or concealing such interdicted drugs.[5]

I concede that, if the ordinance in some way should transcend the state statute reg-ulating the same subject, one accused of its violation might claim the benefit of any lesser penalty provided by the statute. But the fact that there is a state statute with a similar prohibition, does not deprive the city of its duly-granted authority. With due deference to the contrary opinion of my colleagues, I can see no reason whatsoever in law or logic for the statement that the city has "no power or authority to copy the statute." The measure of authority that it does have is exactly that: to prohibit acts which may also be prohibited by statute; and it may freely do so insofar as its ordinance does not transcend nor run contrary to the state law. This indisputable principle was clearly stated in *Salt Lake City v. Allred:*

It is . . . . well-established . . that the city has the right to legislate on the same subject as a state statute where either the general police power or express grant of authority is conferred upon the municipalities.[6] [Citing numerous cases.]

I would affirm the judgment.

HALL, J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.

---

1. See *Gayland v. Salt Lake County,* 11 Utah 2d 307, 358 P.2d 633; *State Water Pollution Control Bd. v. Salt Lake City,* 6 Utah 2d 247, 311 P.2d 370.

2. *Salt Lake City v. Revene,* 101 Utah 504, 124 P.2d 537 (1942); *Butt v. Salt Lake City Corp.,* Utah, 550 P.2d 202 (1976).

3. U.C.A.1953, 10–8–84, cited in footnote 3 of main opinion; and see *Butt v. Salt Lake City Corp.,* supra note 2.

4. U.C.A.1953, 10–8–47, cited in footnote 2 of main opinion.

5. See Sec. 76–2–202, U.C.A.1953 which states: "Every person, who encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct." This section re-enacts in substance former Sec. 76–1–44, U.C.A.1953.

6. 20 Utah 2d 298, 437 P.2d 434, 436 (1968) and cases cited therein.