## STATE v. BUTCHER et al.

No. 4864. Decided July 5, 1929. (279 P. 497.)

*William Reger,* of Salt Lake City, for appellants.

ELIAS HANSEN, J.

Chester Butcher is a minor of the age of sixteen years. The juvenile court in and for Salt Lake county, state of Utah, ordered the juvenile committed to the state industrial school at Ogden, Utah. He, his father, and his mother prosecute this appeal from the judgment of commitment.

On January 23, 1929, a complaint was filed before Hon. Fred R. Morgan, judge of the juvenile court of Salt Lake county. The charging part of the complaint reads:

"That on or about the 8th day of December A. D. 1928, at the County of Salt Lake, State of Utah, said Chester Butcher, a child 16 years of age, did become a delinquent by reason of violating section 1155 Revised Ordinances of Salt Lake City, Utah, as follows to wit: That the said Chester Butcher did have in his possession, within the city limits, a shot gun loaded with powder and shot, and then and therefore discharged said gun, seriously injuring Pearl Medley, aged 12 years, contrary to the provisions of the Statutes of Utah in such cases made and provided."

A hearing was had upon the charge made against the minor. There is no conflict in the evidence. The facts disclosed by the evidence are as follows: The minor resides with his mother. His father lives in a tent at Bingham, Utah, where he is employed. All of the father's earnings go to the support of the family, which consists of the father and mother and ten children. In scholastic attainments Chester is below the average normal child of his age. He has considerable mechanical ability. At the time of the hearing he had been absent from school, due to the fact, as he testified, that the principal of the school where he attended informed him not to come to school any more. When he last attended school, he was employed in picking up paper on the school grounds and doing janitorial work. Chester, according to the testimony of his parents, had always been a good boy, and had never been in any trouble before. So far as appears, his parents have always done their full duty to Chester. Early one morning in December, 1928, Henry Medley and Pearl Medley came to the Butcher home. Arnold Williams, age about fourteen years, was there also. A gun belonging to an older brother of Chester was hanging over the door. Henry Medley asked Chester to get the gun. Chester got the gun as requested. Henry Medley then asked Chester to "get a bullet and see how it fits in the gun, whereupon Chester got a shell out of the cupboard and while attempting to close the gun after the shell was put in the gun went off." Pearl Medley was injured in the hand by the discharge of the gun. The evi-

dence is somewhat uncertain as to the extent of her injury. That the gun was discharged accidentally is not questioned. During the course of the hearing, the juvenile judge stated:

"I know that the shooting in this case was an accident and there is no use taking up the time of this court producing evidence about the shooting."

There is no evidence in the record before us as to whether the accident occurred within or without the limits of Salt Lake City. No ordinance of Salt Lake City was offered in evidence. No claim is made that Chester Butcher is incorrigible or that he has been guilty of any offense except his failure to attend school and the accidental discharge of the gun under the circumstances above stated. Chester testified that he would like to attend school and get a better education, but that he did not want to go to the industrial school.

At the conclusion of the hearing, the juvenile judge before whom the hearing was had said:

"Well, I am determined that this boy shall have a better education, and he can get it at the industrial school. There is no place in Salt Lake City for just such a case as this. We have been trying for some time to get a school for the feeble-minded, and, perhaps, the present legislature may provide for one. This boy does not fit in any of the schools of Salt Lake City, and I think the best place for him is the State Industrial School at Ogden. An order may be made that Chester Butcher be found to be a juvenile delinquent and that he be committed to the State Industrial School at Ogden, and that John Butcher, father of said juvenile, and Julia H. Butcher, mother of said juvenile, are unfit and improper persons to have and retain the custody and control of said juvenile."

Written "findings and conclusions" were made by the juvenile judge and filed in the case. Omitting the formal parts, the "findings and conclusions" read as follows:

"The court finds that material allegations of the complaint are true, that on or about the 8th day of December, 1928, at Salt Lake City, in the County of Salt Lake, Utah, the said juvenile being then and there of the age of 16 years, and not over the age

of eighteen years, did become a delinquent as' charged in the complaint. Now, therefore, it is by the Court adjudged and decreed that said Chester Butcher is a juvenile delinquent within the meaning of the laws of Utah. The Court further finds from the evidence that John Butcher, father, and Julia Butcher, mother, custodians of said child, are unfit to have and continue in custody of said minor child."

A written "decree and judgment" was made and filed in the cause, wherein "it is ordered, adjudged and decreed by the Court that until further order of the Court that said Chester Butcher be, and he is hereby, sentenced to the State Industrial School at Ogden, Utah."

Upon this record the judgment committing Chester Butcher to the state industrial school should not be permitted to stand. The evidence does not support the charge made against the minor. There is no evidence, and no attempt was made to prove, that Salt Lake City has an ordinance prohibiting the possession of firearms. Neither the Juvenile court nor this court can take judicial notice of the ordinances of Salt Lake City. Ex parte Bright, 1 Utah, 145. It is not made to appear that the minor was within the corporate limits of Salt Lake City at the time he had possession of his brother's gun. Obviously, if Chester Butcher had possession of the gun outside of the limits of Salt Lake City, it would not be an offense against the ordinances of Salt Lake City. The discharge of the gun was concededly an accident. The accidental discharge of a gun by a minor cannot be said to be an act of delinquency. There is not a scintilla of evidence showing or tending to show that either the father or mother of Chester Butcher is an unfit person to have the care, control, and custody of their child Chester. The so-called findings of fact made by the juvenile judge do not support the judgment committing Chester Butcher to the state industrial school. Comp. Laws Utah 1917, § 1822, provides:

"At the conclusion of the hearing, if the juvenile is adjudged to be delinquent, the court shall enter in writing, briefly and concisely, the

facts found by him, stating separately and distinctly the facts constituting delinquency and the facts relating to the fitness of the parents, parent, custodian, or guardian, which findings, with the judgment rendered thereon, shall be filed with the clerk."

The so-called findings of fact filed in this case state nothing more than conclusions. There are no facts constituting the delinquency of Chester Butcher stated separately and distinctly as required by the above provision of law. There is not even an intimation in the findings as to the facts upon which the juvenile judge based his conclusion that the parents of Chester Butcher are unfit to have his care and custody.

The judgment is reversed, and the minor is ordered discharged.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.