## MILLER v. SANFORD.

### No. 11903.

Circuit Court of Appeals, Fifth Circuit.

May 2, 1947.

Rehearing Denied May 20, 1947.

See also 150 F.2d 637.

William Roy Miller, in pro. per.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The writ of habeas corpus was denied on the face of the petition, and this appeal taken.

The petition alleges detention under an exhibited sentence in cause No. 9391 in the district court of the United States for the Northern District of Texas dated May 16, 1944, for seven and a half years imprisonment; and under a sentence and commitment from the district court of the Southern District of Texas dated March 14, 1939, also exhibited, for 10 years imprisonment "to be cumulative and to run upon the expiration of the sentence heretofore imposed on this defendant by the district court of the Northern District of Texas in cause No. 9391, dated Jan. 28, 1939." There are also exhibited another sentence in Cause No. 9391 dated Jan. 14, 1939, for an aggregate of 10 years, and one dated Jan. 20, 1939, for an aggregate of 24 years, and an order in that cause dated Jan. 30, 1939, setting aside the prior sentences.

The petition states that the 10 years sentence in the Southern District of Texas as shown in the Judge's docket entries after an entry of verdict of guilty on March 14, 1939, concludes thus: "This total of ten years to run cumulatively upon the expiration of any sentence heretofore imposed in the Northern District of Texas". It is thereupon alleged that the true judgment is that shown by the docket entry, and that it does not identify any sentence as to be first served, and certainly does not specify the sentence of May 16, 1944, thereafter made, so that the sentence

in the Southern District of Texas began to run at once, and with good time allowance has now been completed; and that the seven and a half years sentence finally made in the case in the Northern District of Texas, which by its own terms ran from Jan. 14, 1939, has been served also.

■ The petitioner is entitled to discharge only if the 10 year sentence in the Southern District of Texas began to run from its date. According to the formal sentence signed by the judge on March 14, 1939, together with a commitment to the penitentiary, it was to begin to run only after expiration of the sentence theretofore imposed in cause No. 9391 in the Northern District of Texas. The sentence in cause No. 9391 was changed three times in January, 1939, before Miller was taken to the penitentiary, giving rise to a confusion which we directed, at the instance of petitioner, to be rectified. Miller v. United States, 5 Cir., 128 F.2d 519. We thought this had been sufficiently done in Miller v. United States, 5 Cir., 136 F.2d 287, but the Supreme Court directed a further hearing, Miller v. United States, 321 U.S. 752, 64 S. Ct. 634, 88 L.Ed. 1052, and the judgment of May 16, 1944, was the result. As appears on its face it is not a new sentence, but the settling of the legal effect of the various sentences imposed during January, 1939, adjudged to be an imprisonment for seven and a half years, the service of which was expressly fixed as having begun Jan. 14, 1939, the date of the first sentence. The sentence in cause No. 9391 as thus settled and established, is the sentence in that cause whose expiration was to precede service of the sentence imposed in the Southern District. Its vicissitudes have not changed its identity.

■ As to the contention that 'the docket entry made by the judge of the sentence in the Southern District of Texas overrides the sentence which he signed, it is true that at common law sentence was orally pronounced by the judge and taken down by the clerk in the minutes, which were later signed by the judge as a whole. The docket entry was only the memorandum of the judge, and not the record of the sentence. The practice in the federal courts was changed on May 24, 1937, by an amendment of Rule 1, Procedure in Criminal Cases after Verdict, to require: "The judgment setting forth the sentence shall be signed by the judge who imposes the sentence and shall be entered by the clerk." 301 U.S. page 717. Here the sentence as signed by the judge was the effective sentence. It is needless to enquire whether the docket entry does not mean the same thing, as appellee contends.

The petition does not allege a case for present release and the writ of habeas corpus was properly denied.

Judgment affirmed.