280 P.2d 974

**H. C. HARGRAVES, Building Inspector for Salt Lake City, Plaintiff and Appellant,**

v.

**Harry L. YOUNG, Kenneth L. Anderson and William Walkenhorst, Defendants and Respondents.**

No. 8275.

Supreme Court of Utah.

March 18, 1955.

---

7. 11 U.S.C.A. § 103.

8. Maynard v. Elliott, 283 U.S. 273, 51 S. Ct. 390, 75 L.Ed. 1028.

176

Christenson, Holmgren & Christoffersen, City Attys., for appellant.

Pugsley, Hayes & Rampton, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a summary judgment hold·ing city zoning ordinances 1) inapplicable to a carport (picture below), and 2) that there is no reasonable relationship between prohibiting such structure in sideyards and the public health, safety, morals or general welfare. Reversed with instructions to enter judgment as prayed against Young and Anderson. Costs to plaintiff.

The facts appearing in the record which relate to the kind of structure involved, are reflected in pictures of the carports involved, typified by the one reproduced here:

Pertinent ordinances, Secs. 6725 and 6727, Revised Ordinances of Salt Lake City, 1944, respectively state:

"In all Residential A, A–3, B–2, dis- tricts, for every building erected there shall be a side yard along each lot line. The least dimension of any such side yard shall be 35% of the building height, but in no case less than 8 feet for Residential A and A–3 * * *"

"(a) The area of a side or rear yard shall be open and unobstructed, except for the ordinary projections of window sills, belt courses, cornices, and other ornamental features to the extent of not more than 4 inches except that where the building is not more than 2 stories in height the cornice or eaves may pro- ject not more than 2 feet into such yard * * *"

It appears and we hold, contrary to the trial court's conclusion, that the Sections quoted apply to a structure such as shown in the picture, whose projection obviously is far beyond the footage allowed by the ordinance.

As to the court's determination that there is no reasonable relationship between prohibiting such structure in prescribed sideyards and the public health, safety; morals or general welfare, we cannot agree, since set-back requirements generally have been held valid under similar ordinances, and there appears to be no essential differ- ence between elimination of structures in sideyards and the elimination of structures in frontal areas reserved in set-back ordi- nances. Authorities generally accepting such a conclusion are in harmony with Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228, and we are impelled to follow them even though defendants will suffer in a situation where they acted in apparent good faith not realizing the import of the ordinances existing at the time they erected these structures.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.