398 P.2d 879

Richard E. SWENSON and Marilyn C. Swenson, Plaintiffs and Respondents,

v.

SALT LAKE CITY, a municipal corporation of the State of Utah, Edwin Whitney, et al., as members of the Board of Adjustment on zoning of Salt Lake City, Defendants and Appellants.

No. 10167.

Supreme Court of Utah.

Feb. 10, 1965.

Homer Holmgren, City Atty., A. M. Marsden, Asst. City Atty., Salt Lake City, for appellants.

Bayle, Hurd & Lauchnor, Wallace D. Hurd, Wallace R. Lauchnor, Salt Lake City, for respondents.

WADE, Justice.

The Swensons, respondents herein, brought this suit to enjoin the Board of Adjustment on zoning of Salt Lake City from enforcing an order requiring them to remove a carport on their property. This appeal is by Salt Lake City and the members of the Board of Adjustment on zoning for Salt Lake City from a summary judgment based on the pleadings, affidavits and depositions, granting the injunction.

From the record it appears that the Swensons acquired the property involved herein in 1962. The property consists of a dwelling house to which is attached a patio in its rear. To the side of and contiguous to this patio is the carport involved in this suit. This carport is attached to a garage and shed to the rear of it so that all three structures, i. e., carport, garage and shed form a continuous line to the side of and rear of the dwelling.

The Swensons were advised that the carport violated a zoning ordinance whereupon they petitioned the Board of Adjustment for zoning to grant them a variance so they could maintain the carport on their premises. After a hearing on this petition the Board ordered the Swensons to remove the carport because as constructed it was in violation of Sec. 51–13–3 of the Zoning Ordinances of Salt Lake City for failing to maintain the required side yards as specified in said section. In its findings and or-

der the Board pointed out that the garage as constructed being in the rear yard would not be in violation of the above ordinance for failing to maintain the side yards were it not for the fact that it was attached to the carport and patio because "[U]nder the ordinance an attached garage must maintain the full side yards (in an 'R–2' District 8′ and 12′) while a detached garage or any accessory building can be located in the rear yard." and would not be in violation for failing to maintain the side yards.

The Swensons moved for a summary judgment enjoining the Board from enforcing its order for the removal of the carport, one of the grounds being that the carport was no longer attached to the dwelling house. An affidavit in support of this motion averred that the carport was no longer attached to the dwelling house in any manner but is a free standing structure separated from it. The appellants countered with a motion for a summary judgment in its favor on the ground that there was no material issue of fact to be litigated, asserting that all the buildings form one continuous structure and therefore the carport is in violation of Sec. 51–13–3 of the Revised Ordinances of Salt Lake City. The affidavit in support of the Board's motion for summary judgment averred that the carport was solidly attached to the dwelling and that the only thing done in the attempt to sever the connection between the dwelling and carport was to saw a board between those structures.

The matter came before the court on a hearing for a continuation for a pre-trial hearing, and at that time the court considered the Swensons' motion for summary judgment after the matter had been argued and submitted to it for decision. The court found as a fact that the "carport is attached to the garage and adjoins, but is not attached to, the dwelling house." and concluded as a matter of law that the Swensons were entitled to an order restraining the defendants from requiring the removal of the carport from its present location.

█ Appellant argues that the uncontroverted evidence shows that the Swensons are still in violation of Sec. 51–13–3 because the mere sawing through of a board was not sufficient to sever the carport from the dwelling. This argument overlooks the fact that the court did not find that the sawing through of a board effectuated a severance of the carport from the dwelling house. It found that although the carport is attached to the garage, the carport adjoins but is not attached to the dwelling house. The affidavit of Mr. Swenson that the carport is a free-standing structure is sufficient evidence upon which the court's finding that the carport is not attached to the dwelling house can be sustained.

Although we are not sustaining the sufficiency of the evidence on the following observation of Sec. 51–1–5, subsection 29 Revised Ordinances of Salt Lake City for 1955, because the ordinance was neither pleaded nor proved and this court has held that it does not take judicial notice of city ordinances,[1] it is interesting to note that an attached garage is defined therein as "* * * A private garage which has a roof or wall, or a major portion of a roof or wall, in common with a dwelling. Where a garage is attached to a dwelling in this manner, it shall be considered part of the dwelling and shall be subject to all yard requirements of the main building." Since the carport is a free-standing structure, had this ordinance been proved it would have been error for the court not to have found that it was not attached to the dwelling house, since a structure cannot be free standing if it has a roof or wall or major portion of a roof or wall in common with another structure.

Appellants appear to argue that even though there was sufficient evidence for the court to find, as it did, that the carport was not attached to the dwelling, that nevertheless it was in violation of Sec. 51–13–3 because in 1961 there was enacted subsection 10 of Sec. 51–4–5 of the Revised Ordinances of Salt Lake City, Utah, 1955, and such subsection provides that a detached garage must be so placed that the area between the garage and the dwelling shall be open to the sky, and the carport in this case is between the garage and the dwelling house and is covered.

In their complaint the Swensons alleged that the carport was built in 1948. In their answer to the complaint, the appellants denied this allegation on the ground of lack of knowledge. Thereafter in these proceedings neither party has deemed it of sufficient importance to present proof of this fact and have treated the allegation as true. In their brief the Swensons state that the record shows that the carport was built in 1948. The appellants do not deny this. It hardly needs citation of authority that the general rule is against retrospective operation of an ordinance, where vested rights are concerned, in existing nonconforming buildings or uses.[2] The court therefore did not err in granting the injunction.

Affirmed.

McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I dissent with reluctance, feeling that the Swensons purchased their home relying on the fact that there were two covered structures for car parking.

1. State v. Butcher, 74 Utah 275, 279 P. 497.

2. 58 Am.Jur. Zoning, Sec. 146; United Cerebral Palsy Ass'n v. Zoning Board of Adjustment et al., 382 Pa. 67, 114 A.2d 331, 52 A.L.R.2d 1093.

However, in equal good faith, after having been requested to remove the carport because it violated the zoning ordinance with respect to *side yard* clearance, they asked for a variance, which seems to be a concession of the violation. It was denied. True, the ordinance had to do with structures attached to a dwelling, in a side yard (in this case a driveway). Thereafter, by sawing through a board or boards, the carport was detached, but was not moved an inch. The detachment was a technical compliance with the "attached" part of the ordinance, but did not comply with the offset or clearance provisions, which are the meat of the zoning requirements. The carport obviously violated the side-yard offset requirements,—attached or not. This fact was conceded by the Swensons' admission that it was only two feet from their neighbor's property line and the undeniable physical facts showing occupation of an area prohibited by the ordinance.

The cases generally uphold such ordinances under police-power principles, both on an aesthetic or emergency hazard grounds, the latter being epitomized by the necessity for fire equipment to have access to property and the like.

In this case the patio and garage were unobjectionable, zoning-wise, since they were in the *back yard,* requiring no similar clearance.

If "attachment" to the dwelling in a side yard is the primary factor, and not "clearance", it takes no imagination to conclude that one could completely obstruct the side yard by building a structural obstacle in complete frustration of the letter and spirit of ordinances dealing with set-backs and space offsets, and would make it impossible for the fire engine to get in or the flowers to bloom.

I think Hargraves v. Young is controlling in this case.[1]

1. 3 Utah 2d 175, 280 P.2d 974 (1955).