**Willie JACKSON, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 27205**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

June 30, 1969.

772

Willie Jackson, pro se.

Dunklin Sullivan, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst., Hawthorne Phillips, Executive Asst., W. V. Geppert, Staff Legal Asst., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

█ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

This appeal is taken from the district court's denial of a Texas convict's petition for the writ of habeas corpus. We affirm.

Appellant was convicted in the District Court of Angelina County, Texas, on three different causes, each charging a separate burglary offense. He was given cumulative sentences of 12 years, 10 years and 3 years.

Appellant, having exhausted all available state post-conviction remedies, filed a petition for the writ of habeas corpus in the court below alleging (1) that his sentences were void because they are cumulative and therefore indefinite and (2) that he was denied counsel at all stages of the proceedings against him. These allegations are lacking in merit.

█ Cumulative sentences are not necessarily so indefinite as to be void since each is to commence upon expiration of the prior. Miller v. Sanford, 5 Cir. 1947, 161 F.2d 291, cert. denied 332 U.S. 774, 68 S.Ct. 70, 92 L.Ed. 359; Freeman v. United States, 10 Cir. 1962, 299 F.2d 752; United States ex rel. Lombardo v. McDonnell, 7 Cir. 1946, 153 F.2d 919, cert. denied United States ex rel. Durkin v. McDonnell, 328 U.S. 872, 66 S.Ct. 1365, 90 L.Ed. 1641.

█ Appellant's contention that he was denied counsel throughout the proceedings against him was considered by the trial court which denied relief after holding an evidentiary hearing. That court found that the counsel who was appointed to advise appellant of his rights did so advise him; that counsel informed appellant that he would defend him if he desired; that appellant refused his services, stated that he wanted to try his own case, and that he did not want an attorney. A review of the state record and transcript shows the findings of fact and conclusions of law are not clearly erroneous and the state proceedings are sufficient to satisfy the standard of 28 U.S.C. § 2254. The judgment of the district court is affirmed.

Affirmed.