**Merlin DANSIE, Plaintiff and Respondent,**

v.

**MURRAY CITY, a Municipal Corporation of the State of Utah, Defendant and Appellant.**

No. 14592.

Supreme Court of Utah.

Feb. 16, 1977.

Merrill G. Hansen, Murray City Atty., Murray, for defendant and appellant.

George H. Searle, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from an order granting petitioner a variance from a city ordinance restricting the building of an accessory building with respect to height thereof and commanding the city to permit petitioner to complete construction of the unauthorized project. Reversed and remanded with instructions that the judgment be vacated, and that an order be entered requiring petitioner to comply with the provisions of Sections 4004(15) and 4001(8) of the Murray City Code, by eliminating any structure already completed that does not comply with the provisions of said sections.

There is no question but that a city employee, one Simper, *having no authority* whatever to do so, led petitioner to believe he could erect a structure that was a departure from the provisions of the sections mentioned, nor that petitioner had secured a license by submitting a floor plan with lateral dimensions shown, but with complete failure to include plans as to the height of the structure, which proved, after the building was started, and partially finished to be three feet higher than that permitted, and quite in violation of Section 4001(8), supra.

The city served notice in writing upon the petitioner "to cease construction pending our complaint for said violations." This litigation followed.

The city was not bound by the representations of Simper,[1] under the circumstances, and petitioner cites no authority otherwise.

The only authority petitioner suggests is rather a self serving ipse dixit to the effect that the court examined the facts submitted and in effect the petition was true and that estoppel should apply. Counsel, not the court, says in his brief, that the ordinance is unreasonable. His main thrust, however, was relief based on estoppel, and his claim of unreasonableness and unconstitutionality seems to have been gra-

tuitous undefended statements from a factual or decisional nature, lacking in proof and substance.

Besides what has been said above, we believe this case is governed by *Hargraves v. Young*, 3 Utah 2d 175, 280 P.2d 974 (1955).

ELLETT and CROCKETT, JJ. concur.

WILKINS, J., concurs in the result.

MAUGHAN, Justice (dissenting):

Where a municipality maintains a specialized department, one purpose of which is to dispense information to the public about that particular specialty, the municipality should be held accountable for the quality of the information it dispenses. I would sustain the judgment below.

---

1. 3 McQuillan, Municipal Corporations, 3rd Ed., Sec. 12.126a; 6 A.L.R.2d 960; 28 Am. Jur.2d, Estoppel and Waiver, Sec. 122.