The STATE of Utah, Plaintiff and Respondent,

v.

Danny B. BOONE, Defendant and Appellant.

No. 18843.

Supreme Court of Utah.

Jan. 24, 1984.

J. Franklin Allred, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

 The defendant was convicted in a circuit court of driving an automobile while under the influence of alcohol. He appealed to a district court where his conviction was affirmed. In this Court, the defendant raises two claims of error at the trial in the circuit court. First, he contends that the court should have dismissed the information because of the failure of the State to establish a prima facie case. We are unable to treat this question on its merits since U.C.A.1953, § 78-3-5 provides in part: "The decisions of the district court on appeals from circuit courts shall be final except in a case involving a constitutional issue."

Secondly, defendant contends that the circuit court committed prejudicial error in a ruling it made regarding the exclusion of a witness from the courtroom. Prior to the opening statements of counsel at the trial, counsel for defendant moved the court to exclude all witnesses. Counsel for the State requested that Trooper Ellsworth, the arresting officer, be allowed to remain. The defendant objected and the court ' excluded all witnesses including Ellsworth. Shortly after the defendant began testifying, the court called both counsel to the bench and suggested to counsel for the State that he move that Ellsworth be allowed to reenter the courtroom and listen to the defendant's testimony in the event he was later called as a rebuttal witness. Counsel for the defendant objected arguing that the exclusion order should remain in effect throughout the trial. The court overruled the objection and permitted Ellsworth to hear the defendant's testimony. Ellsworth was called as a rebuttal witness. He testified that he had listened to the defendant's testimony and would not change his testimony regarding defendant's condition at the time of arrest. Defendant now assails the ruling of the court which permitted Ellsworth to reenter the courtroom and hear the defendant's testimony, charging that it prejudiced the defendant in the minds of the jurors and denied him a fair and impartial trial guaranteed by Article I, Section 12, of the Utah Constitution, and the Sixth and Fourteenth Amendments to the Constitution of the United States.

█ We do not find that a constitutional question is presented by defendant's second point. Even if we were to agree with him that the court's ruling was in error, it was nothing more than a violation of Rule 43(f) of the Utah Rules of Civil Procedure. Counsel for the defendant has not cited to us any authority that the violation of such a rule of procedure would have constitutional implications. Something more than the defendant's bald assertion

that his constitutional rights were invaded must be shown in order to present a constitutional question which this court can review under § 78–3–5.

The appeal of the defendant is dismissed.

STEWART, OAKS and DURHAM, JJ., concur.

HALL, Chief Justice (concurring in result):

I do not share the view that defendant failed to raise a constitutional issue necessary to invoke the jurisdiction of this Court,[1] and I therefore deem it inappropriate to dismiss the appeal. However, I would affirm the conviction and judgment of the trial court because defendant's contention that he was denied a fair and impartial trial fails on its merits.

In support of his contention that he was denied a fair trial when the judge altered his ruling excluding a witness from the courtroom, defendant relies upon Rule 43(f), Utah Rules of Civil Procedure, which provides for the exclusion of witnesses so that they may not hear the testimony of other witnesses. Defendant overlooks the fact that Rule 43(f) is made applicable to criminal cases by Rule 81(e), which conditions the application of the Rule to instances "where there is no other applicable statute or rule" and where its application "does not conflict with any statutory or constitutional requirements." U.C.A., 1953, § 78–7–4 is an applicable and conflicting statute. It reads in pertinent part as follows:

> [A]nd in any cause the court may, *in its discretion*, during the examination of a witness exclude any and all other witnesses in the cause.

(Emphasis added.)

In *State v. Carlson*,[2] this Court determined the issue as follows:

> Clearly, the exclusion of witnesses is discretionary with the trial court....
>
> Even when properly invoked, the trial court retains discretion in the application

---

**1.** U.C.A., 1953, § 78–3–5; *State v. Taylor,* Utah, 664 P.2d 439 (1983).

**2.** Utah, 635 P.2d 72 (1981).

of the rule. It is specifically within the court's discretion to decide whether a defendant will be prejudiced by permitting a witness to testify in the face of a violation of the rule. In the instant case, the court made the discretionary ruling to permit the state's witness to testify, although the exclusion order had been violated.

This Court has held that it will not disturb any decision within the discretion of the trial court, unless there is a clear showing of an abuse of that discretion. No such showing has been made in the instant case. Furthermore, the onus of showing wherein he has been prejudiced by a ruling of the lower court falls upon the defendant. Defendant in the instant case merely alleges prejudice without pointing to inconsistencies in the record or other evidence which would show wherein he has been prejudiced. Having failed in his burden, defendant cannot succeed in securing a reversal . . . .

(Citations omitted.)

In the instant case, defendant has failed to make a clear showing of an abuse of discretion on the part of the trial judge. Furthermore, he has failed to make a showing of prejudice which rises to the level that would reflect the denial of the constitutional right to a fair and impartial trial.