Calvin D. ANDRUS, Plaintiff
and Appellee,

v.

Gerald H. BAGLEY and June L. Bagley,
husband and wife, Robert T. Hayes and
Prima B. Hayes, husband and wife, and
Robert A. Dolan and Marsha A. Dolan,
husband and wife, and all other persons unknown claiming any right, title,
estate, lien or interest in the real property described in the complaint adverse
to plaintiff's ownership or any cloud
upon plaintiff's title thereto, Defendants and Appellants.

No. 19817.

Supreme Court of Utah.

April 24, 1989.

Ralph J. Marsh, Roger E. Segal, Salt Lake City, for defendants and appellants.

N. George Daines, Logan, for plaintiff and appellee.

STEWART, Justice:

The Bagleys appeal from a judgment (1) awarding plaintiff attorney fees and costs in pursuing claims for relief for breach of contract and to quiet title and (2) awarding Robert T. Hayes and Prima B. Hayes a judgment for attorney fees and costs on their cross-claim against the Bagleys.

I.

Robert V. Dolan and Marsha A. Dolan sold real property in Salt Lake City to defendants Gerald H. Bagley and his wife, pursuant to a uniform real estate contract by which the Dolans agreed to convey title to the property by warranty deed upon payment of the principal amount under contract. In January, 1974, Bagley and his wife sold the property, also by a uniform real estate contract, to Robert T. Hayes and Prima B. Hayes. The buyers agreed to assume a mortgage to Zions Bank in the amount of $35,000. They in turn sold the property to Calvin N. Andrus in December, 1980, by uniform real estate contract. Andrus paid the Hayeses' equity at the time of closing in cash and assumed Zions' mortgage in the amount of $30,346.09. He paid off the mortgage to Zions in March, 1981, leaving the property encumbrance-free. After paying the mortgage, either Andrus or his mother, Elizabeth Andrus, contacted the Bagleys and requested that they execute a warranty deed for the fee simple interest in the property. The Bagleys did not produce the deed.

In May, 1982, after several unsuccessful attempts to locate the Dolans, an attorney for Andrus sent letters to the Bagleys and the Hayeses requesting warranty deeds and notifying them that if the deeds were not delivered, a quiet title action would be filed. Both the Bagleys and the Hayeses responded by sending Andrus quitclaim deeds disclaiming any interest in the property. Andrus was unsatisfied and demanded that the Bagleys and the Hayeses clear the title of any interest the Dolans might have. In September, 1982, after Andrus became embroiled in marital difficulties, he conveyed his interest in the property to his mother, Elizabeth Andrus, by quitclaim deed, and she, in turn, conveyed it to an unnamed trust.

Andrus filed suit against the Dolans, the Bagleys, and the Hayeses to quiet title in the property, for damages, and for attorney fees. The court entered a default judgment against the Dolans, quieting title as against the Dolans. The Hayeses admitted their breach in not conveying title by warranty deed and cross-claimed against the Bagleys on the same theory of breach of contract.

The Bagleys and the Hayeses defended on the ground that Andrus had no standing to sue the Hayeses because he had conveyed his interest to his mother by quitclaim deed and he had no interest in the property when the suit was filed. Calvin Andrus moved to join or substitute Elizabeth Andrus as a party plaintiff. The trial court granted the motion. However, neither the judgment nor the decree reflect either the joinder or the substitution of Elizabeth as a plaintiff.

The trial court entered a decree quieting title in Calvin Andrus. The trial court also entered judgment against the Bagleys and the Hayeses, jointly and severally, and in favor of Calvin Andrus in the amount of $1,126 for attorney fees and $122.70 for costs. The lower court also entered judgment in favor of the Hayeses on their cross-claim against the Bagleys for attorney fees and costs. Neither the Bagleys nor the Hayeses appeal the decree quieting title, and we forego addressing its propriety.

The Bagleys contend that it was error to award attorney fees and costs to Calvin Andrus. They contend that (1) Andrus had no standing to sue; (2) Elizabeth should not have been joined as a party after the court proceeding had begun; (3) the judgment against the Bagleys was contrary to law since the Bagleys had quitclaimed all interest they had in the property to plaintiff prior to the filing of the quiet title action; (4) the Hayeses' action for breach of contract against the Bagleys was barred by the statute of limitations; (5) there was no evidence that the Bagleys breached the contract by not delivering the deed as promised; and (6) irregularities in the lower court proceedings were unfair to defendants.

■ Appellants correctly assert that Andrus had no standing to bring a quiet title action. He had no interest at the time this action was filed in December, 1982, since he had quitclaimed his interest to his mother in September, 1982. The purpose of a quiet title action is to perfect an interest in property that exists at the time suit is filed. *Utah State Dep't of Social Servs. v. Santiago*, 590 P.2d 335 (Utah 1979). *See also Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045 (Utah 1983). Because Andrus had no interest, he had no standing to bring the action. Therefore, he is not entitled to recover attorney fees and costs resulting from the action to quiet title.

■ Nor was Elizabeth Andrus entitled to attorney fees and costs resulting from the action to quiet title.[1] Since the Bagleys had disclaimed all interest in the property in their answer to Andrus's complaint, attorney fees and costs should not have been awarded against the Bagleys under the quiet title statute. *See* Utah Code Ann. § 78-40-3 (1987).

■ Andrus also asserts that under the uniform real estate contract between him and the Hayeses, he is entitled to recover

1. The quiet title judgment below was entered in Calvin Andrus's name only and did not include Elizabeth Andrus's name. This, however, does not affect the disposition of this appeal.

attorney fees and costs incurred as a result of the Hayeses' and the Bagleys' failure to deliver warranty deeds to him. Paragraph 19 of the Andrus–Hayes contract provides:

> The Seller on receiving the payments herein reserved to be paid at the time and in the manner above mentioned agrees to execute and deliver to the Buyer or assigns, *a good and sufficient warranty deed conveying the title* to the above described premises *free and clear of all encumbrances* except as herein mentioned and except as may have accrued by or through the acts or neglect of the Buyer, and to furnish at his expense, a policy of title insurance in the amount of the purchase price at time of sale at the option of Buyer.

(Emphasis added.) Further, paragraph 21 of the contract states:

> *[T]he defaulting party shall pay all costs and expenses,* including a reasonable attorney's fee, *which may arise or accrue from enforcing this agreement,* ... or in pursuing any remedy provided hereunder or by the statutes of the State of Utah whether such remedy is pursued by filing a suit or otherwise.

(Emphasis added.)

The Bagleys sold the subject property to the Hayes pursuant to a uniform real estate contract containing provisions identical to paragraphs 19 and 21.

However, the Bagley–Hayes contract was not assigned to Andrus, and he is not a third-party beneficiary under that contract, as he asserts. Accordingly, he is not entitled to rely on that contract as a basis for claiming a contract right to attorney fees from the Bagleys. The award of attorney fees and costs to him against the Bagleys was error and is reversed.

## II.

The Bagleys also contend that the trial court erred in awarding the Hayeses attorney fees and costs against them on the Hayeses' cross-claim. In defense to the cross-claim, the Bagleys pleaded the six-year statute of limitations provided for in Utah Code Ann. § 78–12–23(2) (1987). The Bagleys contend that this six-year period of limitations began to run against them on March 18, 1974, when the Hayeses paid them their equity in full, entitling them to a warranty deed subject only to the balance owing on the mortgage to Zions First National Bank, which they would assume and agree to pay pursuant to paragraph 8 of the uniform real estate contract. On the other hand, Andrus contends that while the Hayeses paid the Bagleys their equity at that time, the contract also required the Hayeses to retire the mortgage, which was not actually done until 1982 by Andrus. Andrus argues that only then were the Hayeses entitled to a warranty deed from the Bagleys and only then did the six-year statute of limitations begin to run. Thus Andrus contends that the Hayeses' cross-claim against the Bagleys was not barred since it was filed in January 1983.

The findings of fact and conclusions of law prepared by counsel for Calvin Andrus do not address the issue of the statute of limitations. No determination was made by the trial court on this issue. In a post-trial motion to amend the findings of fact, conclusions of law, and judgment for a new trial, the Bagleys brought this omission to the attention of the trial court, but their motion was denied. It is elementary that the trial court must make findings and conclusions on every issue. Failure to do so renders appellate review impossible.

We reverse the judgment entered against the Bagleys on the Hayeses' cross-claim and remand this case to the trial court for a determination of the statute of limitations issue.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.