**BRIGHAM CITY, Plaintiff and Respondent,**

v.

**Philip VALENCIA, Defendant and Appellant.**

No. 890099–CA.

Court of Appeals of Utah.

Sept. 8, 1989.

Philip Valencia, Perry, pro se.

Ben Hadfield, Brigham City, for plaintiff and respondent.

Before JACKSON, GARFF and ORME, JJ.

PER CURIAM:

Defendant appeals his conviction of constructing, altering, or improving a structure without first obtaining a building permit. We affirm.

Defendant built a carport on his property in Brigham City without obtaining a building permit. Brigham City brought this action against defendant, stating in the information that defendant constructed, altered, or improved a structure without obtaining a building permit as required by "section 301(a) of the 1985 Uniform Building Code (Brigham City Ordinance 5–1)." The court found defendant guilty of constructing a structure without a permit, a Class B misdemeanor.

The issue raised in this case is whether courts may take judicial notice of ordinances. Defendant claims Brigham City Ordinance 5–1, which served as the basis of his conviction, does not exist, and thus he is not guilty of committing a crime. In response, the City attached a true and correct copy of Brigham City Ordinance 5–1 to its

brief, along with a letter of explanation from the city recorder.

The Utah Supreme Court has stated on at least two occasions that courts will not take judicial notice of ordinances. *Swenson v. Salt Lake City*, 16 Utah 2d 231, 398 P.2d 879, 880 (1965); *State v. Butcher*, 74 Utah 275, 279 P. 497, 498 (1929). *See also* Utah R. Evid. 201 advisory committee's note (Rule 201 " 'governs only judicial notice of adjudicative facts,' and does not deal with instances in which a court may notice legislative fact, which is left to the sound discretion of the trial and appellate courts."). In *Swenson,* the court cited *Butcher* and held that the evidence was not sufficient to support a zoning ordinance violation because the ordinance was neither pleaded nor proved and because the court does not take judicial notice of ordinances.

In contrast to *Butcher,* Utah R.Civ.P. 9(i), which was apparently adopted in 1950, provides:

> In pleading a private statute of this state, or an ordinance of any political subdivision thereof, or a right derived from such statute or ordinance, it is sufficient to refer to such statute or ordinance by its title and the day of its passage or by its section number or other designation in any official publication of the statutes or ordinances. The court shall thereupon take judicial notice thereof.

Thus, in *Dowse v. Salt Lake City*, 123 Utah 107, 255 P.2d 723, 724 (1953), the court, citing Rule 9(i), found that since a zoning ordinance was pleaded by its title

and date of passage, judicial notice was invoked. We do not read *Swenson*'s reliance on *Butcher*, without reference to Rule 9(i), as constituting a retreat from the position espoused in *Dowse.* On the contrary, in *Swenson* the ordinance at issue apparently was not even pleaded so that Rule 9(i) would not have been triggered in any case. While *Swenson*'s failure to cite Rule 9(i) is curious, it is appropriate to read *Swenson*'s reliance on *Butcher* as governing cases where municipal ordinances are not pleaded and Rule 9(i) as governing where such ordinances are pleaded.

 Applying the foregoing law to the facts in this case, the information charging defendant with violating the ordinance refers to the statute by its section number, and thus complies with Rule 9(i). Further, the rules of civil procedure govern in criminal proceedings where not inconsistent with applicable rule or statute. Utah R.Civ.P. 81(e). Therefore, we take judicial notice of Brigham City Ordinance 5–1 and reject defendant's claim that the ordinance does not exist.

We have reviewed the remaining issues raised on appeal and conclude they are without merit.

All concur.