**STATE of Utah, Plaintiff and Appellee,**

v.

**Devin Lincoln ANDERSON,
Defendant and Appellant.**

No. 890395–CA.

Court of Appeals of Utah.

Aug. 13, 1990.

James L. Shumate, Cedar City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Judith H. Atherton, Asst. Atty. Gen., for plaintiff and appellee.

Before GARFF, JACKSON and NEWEY,[1] JJ.

## OPINION

ROBERT L. NEWEY, Senior Juvenile Court Judge:

Defendant Devin Anderson was convicted of the theft of $17.75–worth of gasoline in violation of Utah Code Ann. § 76–6–404 (1990). After receiving evidence of prior theft convictions, the trial court in this case determined that Anderson had earlier been twice convicted of theft, and, pursuant to Utah Code Ann. § 76–6–412(1)(b)(ii) (1990), classified this crime as a third-degree felony. Anderson appeals the classification of this offense, and we reverse its classification as a third-degree felony.

To establish two prior theft convictions, the State introduced evidence drawn from records of the Utah circuit courts and consisting mainly of preprinted forms filled in by a court clerk. One such form was entitled "Information," dated "8 Dec 1981," and captioned "Salt Lake City ... vs. Anderson, Devin." In it, a person whose name is illegible complains that a Devin Anderson committed petty larceny by stealing "merchandise having a value not exceeding $100.00...." The disposition of the charge is not shown except in notes apparently made by the clerk after locating the records in 1988, notes which say that the "Defendant was convicted of the charge below." The clerk who located the records did not testify at trial; from the signature certifying the copies, the clerk's name appears to be "Chris Peifili," although it is difficult to read the handwritten surname.

Another form dated "12 02–83" showed the plaintiff as "SLC," a common abbreviation for Salt Lake City, and "Devin Anderson" as the defendant. The defendant was not further identified. The name of a circuit judge appeared and a notation indicated that the defendant acted pro se, but plaintiff's counsel was not listed. The only indication of what took place in this case was the following cryptic, handwritten notation:

1589 DPWOC

c/o sent—15 dsjspf $200.00

12 02–83

At trial, the State proffered the testimony of Carolyn Bullock, a court clerk, to the effect that this notation would indicate a conviction for retail theft.

The State's final exhibit was entitled "Circuit Court Criminal Case Filing/Disposition Report" dated "11/8/82 from the then Ninth Circuit Court, Cedar City Department." It showed the defendant as "Devin Lincoln Anderson" and identified him by date of birth and gender. Defendant was charged with "defrauding an innkeeper" in violation of local ordinance 38–15. The form further indicates that the defendant changed his plea to guilty and the case was concluded on that basis, with the defendant sentenced to pay a fine and make restitution. The form is not signed.

Based on this evidence, the trial court found that all three exhibits established prior convictions of Anderson for theft-type offenses, and accordingly enhanced the penalty for Anderson's present conviction pursuant to section 76–6–412(1)(b)(ii). Before the trial court and here on appeal, Anderson argues that the penalty should not have been enhanced because the State failed to show that judgments against Anderson had been validly entered in the prior proceedings.

At common law, the judgment in a criminal case was usually nothing more than the oral declaration of guilt and sentence, pronounced while a clerk took notes.[2] The practice of rendering oral judgments in criminal cases has persisted to this day in many courts, including apparently many of the Utah circuit courts, despite sound reasons opposing its continuation. Those reasons include the following: (1) entry of a time-stamped, written judgment fixes clearly on the record the date of the judgment, thereby simplifying the question of when

---

1. Robert L. Newey, Senior Juvenile Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1990).

2. *See Miller v. Sanford,* 161 F.2d 291, 292 (5th Cir.1947).

the time begins to run for post-trial motions, filing notice of appeal, and for any probation ordered;[3] (2) a written judgment in proper form is clear evidence of the defendant's conviction in later proceedings;[4] (3) a written judgment signed by the judge helps assure the absence of clerical error or misunderstanding in the record and shows that responsibility for the judgment rests on the shoulders of the judge; and (4) it provides at least the beginning of a basis for meaningful review of the judgment.[5] Accordingly, the Model Penal Code §§ 7.03 and 7.04, the American Bar Association Standard for Criminal Justice 18–6.6, Federal Rule of Criminal Procedure 32(b)(1), and many states[6] have departed from the common law practice and require entry of a written result in a criminal case.

In Utah, the end of the former practice of unwritten criminal judgments is mandated by Utah Rule of Civil Procedure 81(e), which serves generally to unify civil and criminal procedure in Utah except where a statute or rule provides otherwise for criminal cases.[7] We know of no statute or rule countermanding[8] in criminal cases the requirement of Utah Rule of Civil Procedure 58A that the court (or the clerk in the case of a verdict) sign and file a written judgment;[9] on the contrary, a criminal statute requires that the judgment state in writing the reasons for any required restitution.[10] We see no reason why the circuit court

---

**3.** See Sather v. Gross, 727 P.2d 212 (Utah 1986); Salt Lake City v. Griffin, 750 P.2d 194 (Utah Ct.App.1988); see also 6A J. Moore & J. Lucas, Moore's Federal Practice § 58.02.1 (1989); C. Wright & A. Miller, Federal Practice and Procedure § 2652 (1983).

**4.** At common law, there was little need to introduce evidence of a prior conviction. The common law did not enhance penalties based on prior convictions, and there was less need to do so, since the penalty for a first offense of larceny, for example, was originally death, eliminating the possibility of a subsequent conviction. R. Perkins & R. Boyce, Criminal Law and Procedure 174 (6th ed. 1984). However, in a time of less drastic punishments and a greater effort to address recidivism, there is a need in every proceeding to make a record that can later be used to determine whether the defendant has a longstanding problem in the area of the subsequent charge.

Besides the need to know of previous convictions for later sentence enhancements, there is a need to be able to reliably determine whether the defendant has already been in jeopardy for the offense, and a need to keep a person's record and reputation clear of spurious criminal implications.

**5.** Appellate courts have often noted in cases remanded for lack of findings that we cannot review a case on appeal if we cannot ascertain what the trial court decided. Andrus v. Bagley, 775 P.2d 934, 936 (Utah 1988); Smith v. Smith, 726 P.2d 423, 426 (Utah 1986); see also State v. Lamper, 779 P.2d 1125 (Utah 1989); State v. Nelson, 725 P.2d 1353, 1356 (Utah 1986).

**6.** See, e.g., Fisher v. State, 482 So.2d 587 (Fla.Ct. App.1986); Bishop v. State, 176 Ga.App. 357, 335 S.E.2d 742 (1985); State v. Suchanek, 326 N.W.2d 263, 265 (Iowa 1982); Commonwealth v. Foster, 229 Pa.Super. 269, 324 A.2d 538 (1974); State v. Dean, 107 Ohio App. 219, 158

N.E.2d 217, 224 (1958) (dictum); State v. Vinson, 337 Mo. 1023, 87 S.W.2d 637, 639 (1935); State ex rel. Echtle v. Card, 148 Wash. 270, 268 P. 869 (1928).

**7.** Rule 81(e) provides:

These rules of [civil] procedure shall also govern in any aspect of criminal proceedings where there is no other applicable statute or rule, provided, that any rule so applied does not conflict with any statutory or constitutional requirement.

See also State v. Bell, 770 P.2d 100, 109 (Utah 1988) (special verdicts, rule 49); State v. De-Mille, 756 P.2d 81, 85–86 (Utah 1988) (Stewart, J., dissenting; rule 59(a)); State v. Walker, 743 P.2d 191, 192–93 (Utah 1987) (establishing the "clearly erroneous" standard of review for findings in criminal cases pursuant to rule 52(a)); State v. Boone, 677 P.2d 1114, 1115 (Utah 1984) (exclusion of witnesses from courtroom under rule 43(f)); Brigham City v. Valencia, 779 P.2d 1149, 1150 (Utah Ct.App.1989) (judicial notice of ordinance pursuant to rule 9(1)); cf. State v. Nielsen, 522 P.2d 1366 (Utah 1974) (certain civil rules of discovery preempted by statute).

**8.** Utah Rule of Criminal Procedure 22(c) is in pari materia, since it requires the court in some cases to enter a judgment noting the plea, verdict (if any), and sentence, but it does not further prescribe the mode of entering the judgment.

**9.** Cases under Utah Rule of Civil Procedure 58A(b) have refused to recognize unsigned clerical notations as judgments. Wisden v. City of Salina, 696 P.2d 1205 (Utah 1985); Wilson v. Manning, 645 P.2d 655 (Utah 1984); Steadman v. Lake Hills, 20 Utah 2d 61, 433 P.2d 1, 3 (1967).

**10.** Utah Code Ann. § 76–3–201(3)(a) (1990); State v. Snyder, 747 P.2d 417, 421 (Utah 1987).

should be required to adjudicate civil cases in writing pursuant to rule 58A but nevertheless impose the more onerous criminal penalties and leave only a vague, secondary record of the judgment.

In this case, the 1981 information is not a conviction, but rather only a charge.[11] There is nothing in that case to show that the defendant was convicted of the charged petty larceny except the notation nine years later of an unidentified Chris P—. The cryptic notations from 1983 can be deciphered as showing a conviction only with recourse to the interpretation of an experienced circuit court clerk familiar with the clerical shorthand of the time, but in themselves are utterly vague and unintelligible.[12] The 1982 record is considerably better than those from 1981 and 1983, but still fails to comply with the requirement of rules 58A(b) and 81(e) that the court sign the judgment. Absent any showing that a signed, written judgment against Anderson was entered, the evidence is inadequate to support the trial court's finding that Anderson had been twice convicted of theft. Thus, the finding to that effect is clearly erroneous. *See State v. Walker,* 743 P.2d 191, 193 (Utah 1987). Our ruling thus requires that a judgment of prior conviction be written, clear and definite, and signed by the court (or the clerk in a jury case) in order to serve as the basis for enhancing a penalty pursuant to Utah Code Ann. § 76–6–412(1)(b)(ii) (1990).[13]

From what appears to have been the prevailing practice, many enhancements of the classification of theft pursuant to § 76–6–412(1) may have been based on unwritten judgments and fragmentary evidence. However, previously enhanced theft convictions should not now be reversed or held invalid by our ruling, which applies only prospectively. *See State v. Hickman,* 779 P.2d 670, 672 n. 1 (Utah 1989); *State v. Norton,* 675 P.2d 577 (Utah 1983) *cert. denied* 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 470 (1984), *overruled on other grounds, State v. Hansen,* 734 P.2d 421 (Utah 1986); *State v. Vasilacopoulos,* 756 P.2d 92 (Utah Ct.App.1988).

The enhancement of Anderson's penalty and the classification of his offense as a third-degree felony are therefore reversed, and the case is remanded for resentencing in accordance with this opinion.

GARFF and JACKSON, JJ., concur.

11.  *See* Utah Code Ann. § 77–1–3(3) (1990).

12.  In *Emmertson v. State Tax Comm'n,* 93 Utah 219, 72 P.2d 467, 468 (1937), the court held that a judgment "Sentence imposed, $100.00 or thirty days" was "void for uncertainty, ha[d] no validity, and no further valid proceedings can be based upon the judgment as such." The court also noted in dicta that both a conviction (find-

ing of guilt) and a sentence, should be shown for enhancement of a penalty. 72 P.2d at 469.

13.  Depending on the circumstances of a particular case, the lack of a signed judgment could perhaps have been corrected as a clerical error (*see* Utah R.Civ.P. 60(a); *see also* Utah R.Crim.P. 22(e)) or by entry nunc pro tunc, with any required opportunity for the defendant to respond.